| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Jimmy Philip Mettias, Esq.**<br>**14393 Park Ave. Suite 100**<br>**Victorville, CA 92392**<br>**760-983-2525 Fax: 760-843-6855**<br>State Bar Number:**SBN269572**<br>**zoe@mettiaslaw.com**<br><br><br>☐ _Debtor(s) appearing without an attorney_<br>☑ _Attorney for Debtor_ | |

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br>**Robert Anthony Leonard**<br>**Evette Marie Leonard** | CASE NO.: **6:16-bk-11100**<br>CHAPTER: __7__ |
|---|---|
| | **NOTICE OF MOTION AND MOTION**<br>**TO AVOID LIEN UNDER 11 U.S.C. § 522(f)**<br>**(REAL PROPERTY)** |
| Debtor(s). | [No hearing required unless requested under LBR 9013-1(o)] |

Creditor Name:  **COUNTY OF SAN BERNARDINO**

1. TO THE CREDITOR, CREDITOR'S ATTORNEY AND OTHER INTERESTED PARTIES:

2. NOTICE IS HEREBY GIVEN that the Debtor hereby moves this court for an order, without a hearing, avoiding a lien on the grounds set forth below.

3. **Deadline for Opposition Papers**:
   Pursuant to LBR 9013-1(o), any party objecting to the motion may file and serve a written objection and request a hearing on this motion. If you fail to file a written response within 14 days of the date of service of this notice of motion and motion, plus an additional 3 days unless this notice of motion and motion was served by personal delivery or posting as described in F.R.Civ.P. 5(b)(2)(A)-(B), the court may treat such failure as a waiver of your right to oppose this motion and may grant the requested relief.

4. **Type of Case:**
   a. ☑ A voluntary petition under chapter ☑ 7 ☐ 11 ☐ 12 ☐ 13 was filed on: __2/10/2016__
   b. ☐ An involuntary petition under chapter ☐ 7 ☐ 11 was filed on: _____
      ☐ An order of relief under chapter ☐ 7 ☐ 11 was entered on: _____
   c. ☐ An order of conversion to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on: _____
   d. ☐ Other: _____

5. **Procedural Status:**
   a. ☑ Name of trustee appointed (if any):    **LYNDA T. BUI (TR)**
   b. ☐ Name of Attorney of Record for Trustee (if any): _____

6. Debtor claims an exemption in the subject real property under:
   a. ☐ California Code of Civil Procedure § __ (Homestead): Exemption amount claimed on schedules: $__
   b. ☑ California Code of Civil Procedure § 703.140(b)(5) Exemption amount claimed on schedules: $**1242.53**
   c. ☐ Other statute (specify): _____

7. Debtor's entitlement to an exemption is impaired by judicial lien, the details of which are as follows:
   a. Date of entry of judgment (specify): __06/12/2015__

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                    **F 4003-2.1.AVOID.LIEN.RP.MOTION**

b. Case name *(specify):*    **COUNTY OF SAN BERNARDINO vs. ROBERT LEONARD**
c. Docket number *(specify):*    **2015-0514655**
d. Date of recordation of lien *(specify):*    **11/24/2015**
e. Recorder's instrument number or map/book/page *(specify):*    **3**

8. The property claimed to be exempt is as follows:
   a. Street address *(specify):*    **14304 GRAY FOX LANE VICTORVILLE, CA 92394**

   b. Legal description *(specify):*    ☑See attached page

9. Debtor acquired the property claimed exempt on the following date *(specify):* **04/2004**

10. Debtor alleges that the fair market value of the property claimed exempt is: $ **190,000.00**

11. The subject property is encumbered with the following liens (list mortgages and other liens in order of priority and place an "X" as to the lien to be avoided by this motion):

| Name of Lien Holder | "X" | Date Lien Recorded | Original Lien Amount | Current Lien Amount | Date of Current Lien |
|---|---|---|---|---|---|
| M & T BANK | ☐ | 02/09/2005 | $143,500.00 | $152,781.68 | 02/09/2005 |
| BARRY COOPER TRUST DEEDS | ☐ | 05/04/2007 | $75,000.00 | $ 35,000.00 | 05/04/2007 |
| COUNTY OF SAN BERNARDINO | ☑ | 11/24/2015 | $53,602.55 | $53,027.32 | 11/24/2015 |
| | ☐ | | | | |

12. Debtor attaches copies of the following documents in support of the motion (as appropriate):
   a. ☑ Schedule C listing all exemptions claimed by Debtor
   b. ☑ Appraisal of the property
   c. ☑ Documents showing current balance due as to the liens specified in paragraph 11 above
   d. ☑ Recorded Abstract of Judgment
   e. ☐ Recorded Declaration of Homestead (Homestead Exemption)
   f. ☑ Declaration(s)
   g. ☑ Other *(specify):* *Amended Schedules – A/B – C – D- Original deed of trust – Loan Mod docs.*
   *Assignment of Deed of trust.*

13. Total number of attached pages of supporting documentation: _____

14. Debtor declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

WHEREFORE, Debtor prays that this court issue an order (a copy of the form of which is submitted herewith and has been served) avoiding the creditor's lien.

Date: _____**9/22/16**_____    By: _____
                                      Signature of Debtor
                                      **Robert Anthony Leonard**
Date: _____**9/22/16**_____    Name: Printed name of Debtor
                                 By: _____
                                      Signature of Joint Debtor
                                      **Evette Marie Leonard**
Date: _____**9/22/16**_____    Name: Printed name of Joint Debtor
                                 By: _____
                                      Signature of attorney for Debtor
                                 Name: **Jimmy Philip Mettias, Esq. SBN269572**
                                      Printed name of attorney for Debtor

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012    **F 4003-2.1.AVOID.LIEN.RP.MOTION**

Title Order Number:
File Number:        SSB-1433376

## Exhibit "A"

Real property in the City of Victorville, County of San Bernardino, State of California, described as follows:

LOT 69 OF TRACT NO. 16280-1, IN THE CITY OF VICTORVILLE, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 290, PAGE(S) 7 THROUGH 12, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THAT PORTION OF THE AFOREDESCRIBED PROPERTY, WHICH UNDERLIES A PLANE PARALLEL TO AND 250.00 FEET BELOW THE SURFACE THEREOF, WHICH PORTION IS HEREINAFTER REFERRED TO AS "SAID LAND" 1/2 OF ALL OIL, GAS, PETROLEUM AND OTHER HYDROCARBON SUBSTANCES AND THE MINERALS IN, UNDER OR RECOVERABLE FROM SAID LAND TOGETHER WITH THE RIGHT TO INJECT OR INTRODUCE FROM TIME TO TIME, STORE THEREIN AND SUBSEQUENTLY REMOVE SAID LAND 1/2 OF ANY OIL, GAS, PETROLEUM, AND OTHER HYDROCARBON SUBSTANCES AND MINERALS, TOGETHER WITH THE RIGHTS OF WAY, EASEMENTS AND SERVITUDES IN AND THROUGH SAID LAND FOR THE PURPOSE OF EXERCISING THE RIGHTS HEREIN RESERVED INCLUDING, BUT NOT LIMITED TO, THE RIGHT FROM TIME TO TIME TO DRILL WELL HOMES, TO CASE THE SAME AND OTHERWISE TO COMPLETE AND MAINTAIN WELLS INTO AND THROUGH SAID LAND FROM SURFACE LOCATIONS OUTSIDE THE PROPERTY HEREIN CONVEYED PROVIDED, HOWEVER, THAT THE RIGHTS HEREIN RESERVED DO NOT INCLUDE THE RIGHT TO ENTER UPON THE SURFACE OVERLYING SAID LAND AS RESERVED IN THE DEED FROM ELIZABETH C. BREHM AND SHIRLEY J. MCDERMOTT, TRUSTEES RECORDED SEPTEMBER 22, 1986 AS INSTRUMENT NO. 86-273482, OF OFFICIAL RECORDS.

ALSO EXCEPTING THEREFROM, A 1/4 UNDIVIDED INTEREST IN ALL OIL, GAS AND OTHER HYDROCARBONS IN AND UNDER THE REAL PROPERTY DESCRIBED, TOGETHER WITH THE RIGHT TO EXPLORE, DEVELOP, EXTRACT AND REMOVE THE SAME THEREFROM BY SLANT DRILLING OR THE "WHIPSTOCK" METHOD OF OPERATION, WITH DERRICKS OR DRILLINGS LOCATED OUTSIDE OF THE BOUNDARIES OF THE LAND DESCRIBED BELOW, PROVIDED, HOWEVER, THAT THERE IS NO RIGHT OF ENTRY ON THE SURFACE AND/OR DESCRIBED PROPERTY, AS CONVEYED TO VICTORVILLE ASSOCIATES, A CALIFORNIA GENERAL PARTNERSHIP, CONSISTING OF S.G. ENTERPRISES, INC., A CALIFORNIA CORPORATION, AND BRIAN CATALDE DEVELOPMENTS, A CALIFORNIA CORPORATION, BY QUITCLAIM DEED RECORDED MARCH 18, 1988, AS INSTRUMENT NO. 88-81511 OF OFFICIAL RECORDS.

APN: 3104-471-44-0-000

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**14393 Park Ave. Suite 100**
**Victorville, CA 92392**

A true and correct copy of the foregoing document entitled (*specify*):   **Notice of Motion and Motion to Avoid Lien under 11 U.S.C. §**
**522(f) (Real Property)**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR
5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On 9/22/16, I checked the CM/ECF
docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice
List to receive NEF transmission at the email addresses stated below:

**TRUSTEE:  trustee.bui@shbllp.com**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On 9/22/16, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

**U.S. Trustee**
**United States Trustee (RS)**
**3801 University Avenue, Suite 720**
**Riverside, CA 92501-3200**

**HONORABLE WAYNE E. JOHNSON**
**3420 Twelfth Street, Suite 384 / Courtroom 304**
**Riverside, CA 92501-3819**

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each**
person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities
by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be
completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 9/22/16 | **ZOE BEATON** | |
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012

# F 4003-2.1.AVOID.LIEN.RP.MOTION

**County Of San Bernardino**
**Gregory C. Devereaux, CEO**
385 N. Arrowhead Ave.
San Bernardino, CA 92415-0120
**Via Certified Mail**

Robert & Evette Leonard
14304 Gray Fox Lane
Victorville, CA 92394

**M & T Bank Headquarters**
**Robert G. Wilmers, Chairman of the Board and CEO**
One M&T Plaza Buffalo, NY 14203
**Via Certified Mail**

Central Collections
County of San Bernardino
157 W. 5th St., 3rd Floor
San Bernardino, CA 92415-0465
**Via Certified Mail**

**BARRY COOPER TRUST DEEDS**
**BARRY COOPER, OWNER**
**17034 VENTURA BLD.**
**Encino, CA 91316**
**Via Certified Mail**

COUNTY OF SAN BERNARDINO
S. Mark Strain- **Via Certified Mail**
Deputy County Council
Jean-Rene Basle, County Counsel
385 N. Arrowhead Ave.
San Bernardino, CA 92415-0140

**BAYVIEW LOAN SERVICING, LLC**
**Richard O'Brien,** President

4425 Ponce de Leon Boulevard
Coral Gables, Florida 33146
**Via Certified Mail**

**DECLARATION OF ROBERT ANTHONY LEONARD AND EVETTE MARIE LEONARD**

1. We are the Debtor's in this case. We have personal knowledge of the following facts and if called as a witness I could and would testify to the truth thereof.

2. We are the owners of the property located at 14304 Gray Fox Lane, Victorville, CA 92394.

3. Based on the attached copy of the appraisal report by appraiser Marilyn J. Gibson AR011762 CA the appraised value of my property located at 14304 Gray Fox Lane, Victorville, CA 92394 is $190,000.00.

4. I further declare that the property is subject to a first mortgage lien with M&T Bank in the amount of $152,781.68.

5. A second mortgage with Barry Cooper Trust Deeds in the amount of $35,000.00. I have attached copies of the deed of trust, assigned deed of trust, loan Modification, the most recent mortgage statement from M & T Bank/Bayview Loan Servicing, LLC, and payoff statement from Bay View loan servicing.

6. The second Mortgage, Barry Cooper Trust Deeds does not provide us with a statement, please see the attached letter from Barry Cooper Trust Deeds, LLC.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _9/22/16_

Respectfully submitted:

_Robert A. Leonard_

Robert Anthony Leonard

_Evette Leonard_

Evette Marie Leonard

---

Declaration of Robert Anthony and Evette Marie Leonard

RECORDING REQUESTED BY

**CENTRAL COLLECTIONS**

AND WHEN RECORDED MAIL DOCUMENT TO:
**CENTRAL COLLECTIONS**
**COUNTY OF SAN BERNARDINO**
**157 W. 5TH ST., 3RD FLR.**
**SAN BERNARDINO, CA 92415-0465**



Recorded in Official Records, County of San Bernardino

**BOB DUTTON**
ASSESSOR – RECORDER – CLERK

R Regular Mail

11/24/2015
12:07 PM
BS
SAN

Doc#: 2015-0514655

| Titles: | 1 | Pages: | 3 |
|---|---|---|---|
| Fees | | | 0.00 |
| Taxes | | | 0.00 |
| Other | | | 0.00 |
| PAID | | | $0.00 |

**DOCUMENT EXEMPT FROM FEES UNDER GOV. CODE 27383**          SPACE ABOVE FOR RECORDER'S USE ONLY

# ABSTRACT OF JUDGEMENT

**Title of Document**

THIS AREA FOR RECORDER'S USE ONLY

THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)

LEONARD 28088223-25

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:   TEL NO.:
[xx]   Recording requested by and return to:   COLLECTIONS (909) 387-8303
S. MARK STRAIN, Deputy County Counsel CA BAR# 183911
JEAN-RENE BASLE, County Counsel, CA BAR #134107
385 N. ARROWHEAD AVE.
SAN BERNARDINO, CA 92415-0140

[xx] ATTORNEY   [xx] JUDGEMENT   [ ] ASSIGNEE
FOR            CREDITOR              OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS:    247 W. THIRD STREET
MAILING ADDRESS:
CITY AND ZIP CODE:   SAN BERNARDINO, CA, 92415-0210
BRANCH NAME:    SAN BERNARDINO DIVISION - CIVIL

*FOR RECORDER'S USE ONLY*

PLAINTIFF:    **COUNTY OF SAN BERNARDINO**
DEFENDANT:    ROBERT LEONARD, AT AL

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS | [ ] Amended | CASE NUMBER:   CIVDS1406545 |
|---|---|---|

1. The [XX] judgment creditor   [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

   ROBERT LEONARD, AKA:
   ROBERT ANTHONY LEONARD, AKA: ROBERT A LEONARD
   14304 GRAY FOX LN
   VICTORVILLE, CA 92394

   b. Driver's licence No.(last 4 digits) and state:    CA         [ ] Unknown
   c. Social Security No. (last 4 digits):    6528            [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was
      personally served or mailed to *(name and address)*:
   ROBERT LEONARD, AKA:    ROBERT ANTHONY LEONARD, AKA: ROBERT A LEONARD
   14304 GRAY FOX LN        , VICTORVILLE, CA 92394

2. [XX] Information on additional judgment
   debtors is shown on page 2.

3. Judgment creditor(*name and address*):
   **COUNTY OF SAN BERNARDINO**
   157 W. 5th Street, 3rd Flr
   San Bernardino, CA 92415-0495

Date:    27 AUG 2015   9-2-15
S. Mark Strain, Deputy County Counsel
*(Type or Print Name)*

4. [ ] Information on additional judgment
   creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

>   *(Signature of Applicant or Attorney)*

6. Total amount of judgment as entered or last renewed:
   $   53602.55

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date)*:    06-12-15
   b. Renewal entered on *(date)*:

9. [XX] This judgment is an installment judgment.

10. [ ] An   [ ] execution lien   [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address)*:

11. A stay of enforcement has
    a. [ ] not been ordered by the court.
    b. [XX] been ordered by the court effective
       until *(date)*: DEFAULT IN PAYMENTS

12. a. [XX] I certify that this is a true and correct abstract of
       the judgement entered in this action.
    b. [ ] A certified copy of the judgment is attached.

(SEAL)

This abstract issued on
*(date)*:   OCT 01 2015

Clerk, by   *(signature)*   **A. Priebe**   , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

□ ORIGINAL   ABSTRACT OF JUDGMENT--CIVIL
AND SMALL CLAIMS

Code of Civil Procedure, SS 488.480,
674.700.190
ABSTCC/ABSF1-CC Account # 28088223 - 25A

| | |
|---|---|
| PLAINTIFF: COUNTY OF SAN BERNARDINO<br><br>DEFENDANT ROBERT LEONARD, AT AL | CASE NUMBER:<br>CIVDS1406545 |

NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:

13.   Judgment creditor (name and address):

14.   Judgment creditor (name and address):

15. ☐ Continued on Attachment 15.

INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:

16.   Name and last known address

EVETTE M LEONARD, AKA:
EVETTE LEONARD
14304 GRAYFOX LN
VICTORVILLE, CA 92394

Driver's licence No. & state (last 4 digits):   ☐ Unknown
2419 CA
Social Security No.(last 4 digits):   ☐ Unknown
5793
Summons was personally served at or mailed to (address):
14304 GRAY FOX LN, VICTORVILLE, CA 92394

17.   Name and last known address

Driver's licence No. & state (last 4 digits):   ☐ Unknown
Social Security No.(last 4 digits):   ☐ Unknown
Summons was personally served at or mailed to (address):

18.   Name and last known address

Driver's licence No. & state (last 4 digits):   ☐ Unknown
Social Security No.(last 4 digits):   ☐ Unknown
Summons was personally served at or mailed to (address):

19.   Name and last known address

Driver's licence No. & state (last 4 digits):   ☐ Unknown
Social Security No.(last 4 digits):   ☐ Unknown
Summons was personally served at or mailed to (address):

20.   Name and last known address

Driver's licence No. & state (last 4 digits):   ☐ Unknown
Social Security No.(last 4 digits):   ☐ Unknown
Summons was personally served at or mailed to (address):

21.   Name and last known address

Driver's licence No. & state (last 4 digits):   ☐ Unknown
Social Security No.(last 4 digits):   ☐ Unknown
Summons was personally served at or mailed to (address):

22. ☐ Continued on attachment 20.

EJ-001 [Rev. July 1, 2014]

ABSTRACT OF JUDGMENT--CIVIL
AND SMALL CLAIMS

ABST/ABST2   Page two

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Robert Anthony Leonard** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Evette Marie Leonard** |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **6:16-bk-11100** |
| (if known) | |

■ Check if this is an
amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

**Part 1:    Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own    Copy the value from *Schedule A/B* | Amount of the exemption you claim    Check only one box for each exemption | | Specific laws that allow exemption |
|---|---|---|---|---|
| **14304 GRAYFOX LANE VICTORVILLE** Victorville, CA 92394 **San Bernardino County** Line from *Schedule A/B*: **1.1** | $190,000.00 | ■ $1,242.53 ☐ 100% of fair market value, up to any applicable statutory limit | | C.C.P. § 703.140(b)(5) |
| **2007 CHEVY TAHOE** 210,500 miles Line from *Schedule A/B*: **3.1** | $5,500.00 | ■ $2,885.00 ☐ 100% of fair market value, up to any applicable statutory limit | | C.C.P. § 703.140(b)(2) |
| **ALLPICANCES AND FURNITURE** Line from *Schedule A/B*: **6.1** | $1,000.00 | ■ $1,000.00 ☐ 100% of fair market value, up to any applicable statutory limit | | C.C.P. § 703.140(b)(3) |
| **T.V., DVD PLAYER** Line from *Schedule A/B*: **7.1** | $150.00 | ■ $150.00 ☐ 100% of fair market value, up to any applicable statutory limit | | C.C.P. § 703.140(b)(5) |
| **FISHING, CAMPING EQUIPTMENT** Line from *Schedule A/B*: **9.1** | $165.00 | ■ $165.00 ☐ 100% of fair market value, up to any applicable statutory limit | | C.C.P. § 703.140(b)(5) |

Debtor 1   **Robert Anthony Leonard**
Debtor 2   **Evette Marie Leonard**

Case number (if known)   **6:16-bk-11100**

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br>Copy the value from Schedule A/B | Amount of the exemption you claim<br>Check only one box for each exemption | Specific laws that allow exemption |
|---|---|---|---|
| **Checking: US BANK ACCOUNT ENDING IN 0671**<br>Line from Schedule A/B: **17.1** | $701.51 | ■  $701.51<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Savings: US BANK SAVINGS ACCOUNT ENDING IN 3185**<br>Line from Schedule A/B: **17.2** | $100.00 | ■  $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |

3. **Are you claiming a homestead exemption of more than $155,675?**
   (Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■  No

   ☐  Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   ☐   No
   ☐   Yes

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Robert Anthony Leonard** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Evette Marie Leonard** | | |
| (Spouse If, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | **6:16-bk-11100** | | |
| (If known) | | | |

☐ Check if this is an amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

| 2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|

### 2.1 BARRY COOPER TRUST DEEDS

| | | | |
|---|---|---|---|
| Creditor's Name | | | |

**Describe the property that secures the claim:**  $35,000.00    $190,000.00    $0.00

14304 GRAYFOX LANE
VICTORVILLE Victorville, CA 92394
San Bernardino County

**17034 VENTURA BLD.**
**Encino, CA 91316**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☑ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)    **Second Mortgage**

**Date debt was incurred**  05/2007          **Last 4 digits of account number**    N/A

### 2.2 M & T BANK

| | | | |
|---|---|---|---|
| Creditor's Name | | | |

**Describe the property that secures the claim:**  $153,758.47    $190,000.00    $0.00

14304 GRAYFOX LANE
VICTORVILLE Victorville, CA 92394
San Bernardino County

**P.O. BOX 619063**
**Dallas, TX 75261**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☑ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)    **First Mortgage**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| Debtor 1 | **Robert Anthony Leonard** | | | Case number (if know) | **6:16-bk-11100** | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |
| Debtor 2 | **Evette Marie Leonard** | | | | | |
| | First Name | Middle Name | Last Name | | | |

Date debt was incurred   **04/2004**          Last 4 digits of account number   **3848**

| | | | | | | |
|---|---|---|---|---|---|---|
| **2.3** | **TITLE MAX OF CA.** | Describe the property that secures the claim: | | $2,615.00 | $5,500.00 | $0.00 |
| | Creditor's Name | **2007 CHEVY TAHOE 210,500 miles** | | | | |

14213 7TH ST.
Victorville, CA 92395

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **VEHICLE TITLE LOAN**

Date debt was incurred          Last 4 digits of account number   **9370**

Add the dollar value of your entries in Column A on this page. Write that number here:       **$191,373.47**

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:       **$191,373.47**

### Part 2:   List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | Robert Anthony Leonard | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Evette Marie Leonard | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:  CENTRAL DISTRICT OF CALIFORNIA

Case number  6:16-bk-11100

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes. Where is the property?

1.1

**14304 GRAYFOX LANE**
**VICTORVILLE**
Street address, if available, or other description

| Victorville | CA | 92394-0000 |
|---|---|---|
| City | State | ZIP Code |

**San Bernardino**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$190,000.00** | **$190,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**FAMILY HOME**

■ Check if this is community property
(see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.....................................=>**  **$190,000.00**

**Part 2:**  Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    **Robert Anthony Leonard**
Debtor 2    **Evette Marie Leonard**

Case number *(if known)*  **6:16-bk-11100**

### 3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No
■ Yes

| 3.1 | Make: | **CHEVY** | |
|---|---|---|---|

| | | Who has an Interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|

3.1  Make: **CHEVY**
Model: **TAHOE**
Year: **2007**
Approximate mileage: **210,500**
Other information:

Who has an Interest in the property? Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

■ Check if this is community property
(see instructions)

|  | Current value of the entire property? | Current value of the portion you own? |
|---|---|---|
|  | **$5,500.00** | **$5,500.00** |

### 4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
pages you have attached for Part 2. Write that number here....................................................=>      **$5,500.00**

**Part 3:**  Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

### 6. Household goods and furnishings
*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No
■ Yes. Describe.....

| ALLPICANCES AND FURNITURE | **$1,000.00** |
|---|---|

### 7. Electronics
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
■ Yes. Describe.....

| T.V., DVD PLAYER | **$150.00** |
|---|---|

### 8. Collectibles of value
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No
☐ Yes. Describe.....

### 9. Equipment for sports and hobbies
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☐ No
■ Yes. Describe.....

| FISHING, CAMPING EQUIPTMENT | **$165.00** |
|---|---|

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | **Robert Anthony Leonard** | |
|---|---|---|
| Debtor 2 | **Evette Marie Leonard** | |
| | | Case number *(If known)* **6:16-bk-11100** |

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes. accessories
■ No
☐ Yes. Describe.....

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
■ No
☐ Yes. Describe.....

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
■ No
☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
■ No
☐ Yes. Give specific information.....

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ..........................................................................**

$1,315.00

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

**Do you own or have any legal or equitable interest in any of the following?**

Current value of the portion you own? Do not deduct secured claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
■ No
☐ Yes..................................................................................................................

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes.......................                                   Institution name:

| | 17.1. | **Checking** | **US BANK ACCOUNT ENDING IN 0671** | $701.51 |
|---|---|---|---|---|
| | 17.2. | **Savings** | **US BANK SAVINGS ACCOUNT ENDING IN 3185** | $100.00 |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
■ No
☐ Yes..................                 Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
■ No
☐ Yes. Give specific information about them...................
                 Name of entity:                                   % of ownership:

Official Form 106A/B                          Schedule A/B: Property                                                    page 3

Debtor 1    **Robert Anthony Leonard**
Debtor 2    **Evette Marie Leonard**

Case number *(if known)*    **6:16-bk-11100**

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
■ No
☐ Yes. Give specific information about them
Issuer name:

21. **Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
■ No
☐ Yes. List each account separately.
Type of account:            Institution name:

22. **Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
■ No
☐ Yes. ....................            Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
■ No
☐ Yes.............            Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
■ No
☐ Yes.............            Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
■ No
☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
■ No
☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
■ No
☐ Yes.  Give specific information about them...

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ No
☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
benefits; unpaid loans you made to someone else
■ No
☐ Yes.  Give specific information..

Official Form 106A/B                          Schedule A/B: Property                                         page 4

Debtor 1    **Robert Anthony Leonard**

Debtor 2    **Evette Marie Leonard**

Case number *(if known)*  **6:16-bk-11100**

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.

|  Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
    ■ No
    ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ■ No
    ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
    ■ No
    ☐ Yes.  Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.....................................................................................................**

$801.51

**Part 5:**    Describe Any Business-Related Property You Own or Have an Interest in. List any real estate in Part 1.

37. Do you own or have any legal or equitable interest in any business-related property?
    ■ No. Go to Part 6.
    ☐ Yes. Go to line 38.

**Part 6:**    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest in.
    If you own or have an interest in farmland, list it in Part 1.

46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?
    ■ No. Go to Part 7.
    ☐ Yes.  Go to line 47.

**Part 7:**    Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ■ No
    ☐ Yes. Give specific information.........

54.  **Add the dollar value of all of your entries from Part 7. Write that number here  ....................................**

$0.00

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| | | |
|---|---|---|
| Debtor 1 | **Robert Anthony Leonard** | |
| Debtor 2 | **Evette Marie Leonard** | |
| | | Case number *(if known)*   **6:16-bk-11100** |

| **Part 8:** | List the Totals of Each Part of this Form |
|---|---|

| | | | |
|---|---|---|---|
| 55. | **Part 1: Total real estate, line 2** ................................................................................................................. | | **$190,000.00** |
| 56. | **Part 2: Total vehicles, line 5** | $5,500.00 | |
| 57. | **Part 3: Total personal and household items, line 15** | $1,315.00 | |
| 58. | **Part 4: Total financial assets, line 36** | $801.51 | |
| 59. | **Part 5: Total business-related property, line 45** | $0.00 | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | |
| 61. | **Part 7: Total other property not listed, line 54** | + $0.00 | |
| 62. | **Total personal property.** Add lines 56 through 61... | **$7,616.51** | Copy personal property total     **$7,616.51** |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62 | | **$197,616.51** |

Electronically Recorded in Official Records, County of San Bernardino   2/09/2005
08:00 AM
VT

**LARRY WALKER**
Auditor/Controller - Recorder

698 First American · LH

## FIRST AMERICAN TITLE

Recording Requested By:
FIRST AMERICAN TITLE COMPANY
323 COURT STREET
SAN BERNARDINO CA  92401

Doc #: **2005-0096118**    Titles: 1    Pages: 16

Return To:

CHASE HOME FINANCE, LLC.
1640 OLIVER ROAD
MONROE, LA 71201

| | |
|---|---|
| Fees | 53.00 |
| Taxes | .00 |
| Other | .00 |
| PAID | 53.00 |

Attention:
CUSTODY SERVICES

Prepared By:   ANGELA CRENSHAW

────────────[Space Above This Line For Recording Data]────────────

{ 1433376  OR

# DEED OF TRUST

84210380
1842103801

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated   February 3, 2005   ,
together with all Riders to this document.
(B) "Borrower" is   ROBERT A LEONARD, MARRIED

Borrower is the trustor under this Security Instrument.
(C) "Lender" is   JPMORGAN CHASE BANK, N.A.

Lender is a  BANK
organized and existing under the laws of   the U.S.A.

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3005  1/01

-6(CA) (0005)

Page 1 of 16    Initials:

VMP MORTGAGE FORMS - (800)521-7291



Lender's address is   1111 POLARIS PARKWAY
    COLUMBUS OH 43240
Lender is the beneficiary under this Security Instrument.
**(D) "Trustee"** is DOUGLAS E. MILES, A LICENSED ATTORNEY

**(E) "Note"** means the promissory note signed by Borrower and dated   February 3, 2005
The Note states that Borrower owes Lender

One Hundred Forty-Three Thousand, Five Hundred and 00/100 Dollars
(U.S. $     143,500.00   ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than   March 1, 2035
**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."
**(G) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider           ☐ Second Home Rider
☐ Balloon Rider            ☐ Planned Unit Development Rider ☐ 1-4 Family Rider
☐ VA Rider                 ☐ Biweekly Payment Rider       ☐ Other(s) [specify]

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
**(L) "Escrow Items"** means those items that are described in Section 3.
**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
**(N) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used
in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard



to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY                                    of   SAN BERNARDINO                                    :

[Type of Recording Jurisdiction]                              [Name of Recording Jurisdiction]


See Attached Legal Description


Parcel ID Number:   3104471440000                                which currently has the address of
                    14304 GRAY FOX LN                                                      [Street]
                    VICTORVILLE                          [City], California   92394        [Zip Code]

("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S.

-6(CA) (0608)                              Page 3 of 15                    Initials: ___    Form 3005   1/01

currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be



in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the



lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with



the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable



attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) **Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. **Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender



to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.



**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA



requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.



NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

**24. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.



Title Order Number:
File Number:    SSB-1433376

### Exhibit "A"

Real property in the City of Victorville, County of San Bernardino, State of California, described as follows:

LOT 69 OF TRACT NO. 16280-1, IN THE CITY OF VICTORVILLE, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 290, PAGE(S) 7 THROUGH 12, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THAT PORTION OF THE AFOREDESCRIBED PROPERTY, WHICH UNDERLIES A PLANE PARALLEL TO AND 250.00 FEET BELOW THE SURFACE THEREOF, WHICH PORTION IS HEREINAFTER REFERRED TO AS "SAID LAND" 1/2 OF ALL OIL, GAS, PETROLEUM AND OTHER HYDROCARBON SUBSTANCES AND THE MINERALS IN, UNDER OR RECOVERABLE FROM SAID LAND TOGETHER WITH THE RIGHT TO INJECT OR INTRODUCE FROM TIME TO TIME, STORE THEREIN AND SUBSEQUENTLY REMOVE SAID LAND 1/2 OF ANY OIL, GAS, PETROLEUM, AND OTHER HYDROCARBON SUBSTANCES AND MINERALS, TOGETHER WITH THE RIGHTS OF WAY, EASEMENTS AND SERVITUDES IN AND THROUGH SAID LAND FOR THE PURPOSE OF EXERCISING THE RIGHTS HEREIN RESERVED INCLUDING, BUT NOT LIMITED TO, THE RIGHT FROM TIME TO TIME TO DRILL WELL HOMES, TO CASE THE SAME AND OTHERWISE TO COMPLETE AND MAINTAIN WELLS INTO AND THROUGH SAID LAND FROM SURFACE LOCATIONS OUTSIDE THE PROPERTY HEREIN CONVEYED PROVIDED, HOWEVER, THAT THE RIGHTS HEREIN RESERVED DO NOT INCLUDE THE RIGHT TO ENTER UPON THE SURFACE OVERLYING SAID LAND AS RESERVED IN THE DEED FROM ELIZABETH C. BREHM AND SHIRLEY J. MCDERMOTT, TRUSTEES RECORDED SEPTEMBER 22, 1986 AS INSTRUMENT NO. 86-273482, OF OFFICIAL RECORDS.

ALSO EXCEPTING THEREFROM, A 1/4 UNDIVIDED INTEREST IN ALL OIL, GAS AND OTHER HYDROCARBONS IN AND UNDER THE REAL PROPERTY DESCRIBED, TOGETHER WITH THE RIGHT TO EXPLORE, DEVELOP, EXTRACT AND REMOVE THE SAME THEREFROM BY SLANT DRILLING OR THE "WHIPSTOCK" METHOD OF OPERATION, WITH DERRICKS OR DRILLINGS LOCATED OUTSIDE OF THE BOUNDARIES OF THE LAND DESCRIBED BELOW, PROVIDED, HOWEVER, THAT THERE IS NO RIGHT OF ENTRY ON THE SURFACE AND/OR DESCRIBED PROPERTY, AS CONVEYED TO VICTORVILLE ASSOCIATES, A CALIFORNIA GENERAL PARTNERSHIP, CONSISTING OF S.G. ENTERPRISES, INC., A CALIFORNIA CORPORATION, AND BRIAN CATALDE DEVELOPMENTS, A CALIFORNIA CORPORATION, BY QUITCLAIM DEED RECORDED MARCH 18, 1988, AS INSTRUMENT NO. 88-81511 OF OFFICIAL RECORDS.

APN: 3104-471-44-0-000

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____    _____ (Seal)
                                                                          -Borrower

_____    _____ (Seal)
                                                                          -Borrower

_____ (Seal)    _____ (Seal)
ROBERT A  LEONARD              -Borrower                                 -Borrower

_____ (Seal)    _____ (Seal)
                -Borrower                                                 -Borrower

_____ (Seal)    _____ (Seal)
                -Borrower                                                 -Borrower

State of California
County of  SAN BERNARDINO                          } ss.

On February 3, 2005          before me,  C. L. Barton

                                                              personally appeared

ROBERT A LEONARD, MARRIED

personally known to me

(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity
upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

**C. L. BARTON**
Commission # 1382609
Notary Public - California
San Bernardino County
My Comm. Expires Jun 28, 2006

_____C. L. Barton_____  (Seal)



Electronically Recorded in Official Records, County of San Bernardino

**DENNIS DRAEGER**
ASSESSOR - RECORDER - CLERK
961 Peirson Patterson, LLC

Recording Requested By:
PeirsonPatterson, LLP
And When Recorded Mail To:
PEIRSONPATTERSON, LLP
ATTN: RECORDING DEPT.
13750 OMEGA ROAD
DALLAS, TX 75244-4505

Doc #: **2014-0344185**

| Titles: 1 | Pages: 3 |
|---|---|
| Fees | 31.00 |
| Taxes | .00 |
| Other | .00 |
| **PAID** | **31.00** |

*[Space Above This Line For Recording Data]*

Loan No.: 1842T03801

# CALIFORNIA ASSIGNMENT OF DEED OF TRUST

For Value Received, JPMorgan Chase Bank, National Association, the undersigned holder of a Deed of Trust (herein "Assignor") does hereby grant, sell, assign, transfer and convey, unto BAYVIEW LOAN SERVICING, LLC, (herein "Assignee"), whose address is 4425 PONCE DE LEON BLVD 5TH FLOOR, CORAL GABLES, FL 33146, all beneficial interest under a certain Deed of Trust dated February 3, 2005 and recorded on February 9, 2005, made and executed by ROBERT A LEONARD, to DOUGLAS E MILES, A LICENSED ATTORNEY, Trustee, upon the following described property situated in SAN BERNARDINO County, State of California:
Property Address: 14304 GRAY FOX LN, VICTORVILLE, CA 92394

See Exhibit "A" attached hereto and made a part hereof.

Such Deed of Trust having been given to secure payment of One Hundred Forty Three Thousand Five Hundred and 00/100ths ($143,500.00), which Deed of Trust is of record in Book, Volume, or Liber No. N/A, at Page N/A (or as No. 2005-0096116), in the Office of County Recorder of SAN BERNARDINO County, State of California.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on
_9/5/14_

Assignor:
JPMorgan Chase Bank, National Association

By: _____

Its: **VICE PRESIDENT**



California Assignment of Deed of Trust
JPMorgan Chase Bank N.A. Project W2998

Page 1 of 2

L73104CA 01/12 Rev. 02/14

*1842103801*



## PAYOFF STATEMENT

DATE: 08/16/16                    Re: Loan No. 0091753848
Interest Due To: 09/16/16         At: 4.5000%
Next Payment Due: 08/01/2016

| | |
|---|---|
| Principal Balance: | $152,781.68 |
| Total Interest: | $1,428.40 |
| Late Charges | $104.58 |
| Escrow Advances | $110.13 |
| Recording Fee | $50.00 |
| Miscellaneous Fees | $21.00 |
| Suspense Balance | $(34.86) |

### * * * * TOTAL AMOUNT TO PAY LOAN IN FULL * * * * * $154,460.93

The current escrow balance is: $0.00

Per diem through the last day of the month only:      $18.84
Funds received after the requested payoff date will require additional per diem.

M&T Bank reserves the right to return partial payoff funds. Payoff figures are subject to change. The total amount required to pay the loan in full may change if any check previously received is rejected by the institution upon which it was drawn or if any credits or disbursement are made to or from your account. Funds must be received in our office no later than 3:00 pm (EST) to be credited that same day.

Please call M&T Bank before funds are sent to verify figures are correct.

Certified funds must be made payable to M&T Bank. Please include the mortgage account number on all correspondence including the payoff check; mail to:

> M&T Bank
> 1 Fountain Plaza, 7th Floor
> Buffalo, NY 14203-1495
> Attn: Payoff Department

NOTE: The information contained in this facsimile message is CONFIDENTIAL and intended for the use of the individual or entity named above. If reader of this message is not the intended recipient or is the employee or agent responsible for delivering it to the intended recipient, the reader is hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify us by telephone immediately and return the original message to us at the above address via the U.S. Postal Service. Thank you.

PAYMENTS DUE:

ISSUANCE OF THIS STATEMENT DOES NOT PRECLUDE M&T BANK FROM TAKING
ACTION IN THE CONTEXT OF YOUR BANKRUPTCY CASE. PLEASE CONTINUE TO MAKE
REGULARLY SCHEDULES MORTGAGE PAYMENTS UNTIL THE LOAN IS PAID IN FULL.

A late charge in the amount of $34.86 will be assessed if the correct payment or payoff is received after
the grace date.

Important Information Regarding This Payoff Statement

Please Read Carefully

ONLY CERTIFIED FUNDS OR ATTORNEY ESCROW CHECKS ARE ACCEPTED FOR
PAYOFF.

WHEN REMITTING PAYOFF FUNDS, PLEASE INCLUDE WRITTEN MAILING
INSTRUCTIONS FOR THE DISCHARGE, RELEASE OF LIEN, OR RECONVEYANCE

A PROPERLY EXECUTED, RECORDABLE RELEASE OF LIEN WILL BE PROVIDED BY M&T
BANK AFTER THE LOAN IS PAID IN FULL.

Funds received must be sufficient to satisfy the full amount due on this loan, including all attorney fees
and costs. If the amount received does not fully repay the current debt, including all fees and advances,
interest will continue to accrue until the full amount is received. If the mortgagor has already mailed the
current month's payment DO NOT stop payment on the check. Any excess funds will be refunded to the
mortgagor after payoff.

1. If this property is sold please provide the seller's forwarding address.
2. Our records indicate that the estimated tax and/or insurance items listed below are due to be
   paid within the next twelve (12) months

| Amount | Date | Tax Authority |
|---|---|---|
| $1109.19 | 11/2016 | San Bernardino County |
| $1109.19 | 03/2017 | San Bernardino County |
| $940.00 | 04/2017 | Allstate |

If the mortgage is escrowed, scheduled tax and insurance payments will continue to be made.

M&T Bank has the right to return partial funds and figures are subject to change. This statement expires
on the "Interest Due to" date stated above. FIGURES MUST BE UPDATED AFTER THAT DATE.
In addition, figures will be adjusted if any check previously received is rejected by the institution upon
which it was drawn.

2

# M&T Bank

RETURN SERVICE ONLY
Please do not send mail to this address
P.O. Box 619063
Dallas, TX 75261-9063

4-750-13345-0021443-001-1-000-016-000-000

ROBERT A LEONARD
14304 GRAY FOX LN
VICTORVILLE CA 92394-7472

## Contact Us

| | |
|---|---|
| General Customer Service/ Automated Service: | 1-800-724-2224 |
| | 8am - 9pm EST Mon - Fri |
| | 9am - 5pm EST Sat |
| Representatives Available: | 8:30am - 7:00pm EST Mon - Fri |
| Fax Payoff Requests: | 1-866-409-2959 |
| Fax All Other Customer Service Requests: | 1-866-409-4542 |
| Property Tax Questions: | 1-800-406-0048 |
| Flood and Homeowners Insurance Questions: | 1-866-952-1842 |

Correspondence Address:
PO BOX 1288
BUFFALO, NY 14240-1288

www.mtb.com

Statement Date                07/16/16



## Payment Summary

CURRENT DUE DATE                07/01/16

**PAYMENT BREAKDOWN**

| | |
|---|---|
| Principal & Interest | $697.10 |
| Tax | $155.37 |
| Insurance | $78.33 |
| Overage / Shortage | $16.38 |
| AMOUNT DUE 08/01/16 | $947.78 |
| Past Due Amount(s) | $947.78 |
| Unpaid Late Charge(s) | $104.58 |

| | |
|---|---|
| TOTAL AMOUNT DUE 08/01/16 | $2,000.14 |
| * IF RECEIVED AFTER 08/16/16 | $2,035.00 |
| (INCLUDES LATE CHARGE) | |



## Account Information

ACCOUNT NUMBER                0091753848

PROPERTY ADDRESS                14304 GRAY FOX LN
                                VICTORVILLE CA 92394

SEE REVERSE SIDE FOR ADDITIONAL IMPORTANT INFORMATION

## Account Transaction Activity

| TRANSACTION DESCRIPTION | DUE DATE | TRANSACTION DATE | TOTAL RECEIVED | PRINCIPAL | INTEREST | | | |
|---|---|---|---|---|---|---|---|---|

* No transactions have occurred on your loan between the last billing statement and this statement

## IMPORTANT MESSAGES

If you are in bankruptcy or received a bankruptcy discharge, this communication is not an attempt to collect the debt against you personally, but strictly for informational purposes only.

CH7

759-443-0515P

DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT

## M&T Bank

☐ Check here if address and/or phone number changes have been indicated on reverse side.

0091753848

ROBERT A LEONARD

Make check payable to M&T Bank.

M & T BANK
PO BOX 62182
BALTIMORE MD 21264-2182

| | If Paid By 08/16/16 | If Paid After 08/16/16 |
|---|---|---|
| 08/01/16 Payment Amount | $947.78 | $982.64 |
| Past Due Amount | $947.78 | $947.78 |
| Unpaid Late Charges / Fees | $104.58 | $104.58 |
| Total Amount Due | $2,000.14 | $2,035.00 |

Breakdown of Payment Enclosed.

| | | |
|---|---|---|
| Additional Principal | $ | |
| Additional Escrow | $ | |
| Unpaid Late Charges | $ | |
| Other  (Please specify) | $ | |
| Total Amount Enclosed | $ | |

0091753848  0094778  0096264

Case 6:16-bk-11100-WJ    Doc 60    Filed 09/22/16    Entered 09/22/16 12:00:57    Desc
Case 6:16-bk-11100 ..J    Doc 49    Filed 08/17/16    Entered 08/17/... 13:43:30    Desc
                          Main Document    Page 40 of 77
                          Main Document    Page 38 of 75
Case 6:16-bk-11100-WJ    Doc 33    Filed 06/16/16    Entered 06/16/16 11:03:53    Desc
                          Main Document    Page 17 of 55

**M&T** Bank

Understanding what's important®

February 15, 2016

|ılıılıılılııllı||||||ıllılılıllılılılıılılıllılılıl

1-780-03838-0000043-001-1-000-036-000-000

Robert A Leonard
14304 Gray Fox Ln
Victorville, CA 92394

RE: Mortgage No. 0081759846

Dear Mortgagor(s):

I am writing to you regarding the above referenced mortgage. As you
know, M&T Bank ("M&T") is servicing your mortgage loan. This means,
among other things, that your payments are sent to M&T.

As there has been a bankruptcy filing associated with this mortgage,
we've enlisted Bayview Loan Servicing, LLC ("Bayview") to assist us
with the handling of your case.

M&T is still the servicer of your loan. This means that you should direct
any questions related to items such as your escrow account, taxes,
insurance, and year-end statements to M&T. This also means that you
will continue to receive billing statements from M&T.

If you have any questions related to bankruptcy, loss mitigation or other
payment assistance, please direct those questions to Bayview
at 1-866-709-5400.

Sincerely,

M&T Bank

M&T Bank is attempting to collect a debt and any information obtained
will be used for that purpose. If you are in bankruptcy or received a
bankruptcy discharge of this debt, this communication is not an
attempt to collect the debt against you personally, but strictly for
informational purposes only.

CL021

P.O. Box 1768, Buffalo, NY 14240,   716-626-7010   800-724-2224
Mortgage account information, just a click away.  www.mtb.com

Title Order Number:
File Number:        SSB-1400376

### Exhibit "A"

Real property in the City of Victorville, County of San Bernardino, State of California, described as follows:

LOT 69 OF TRACT NO. 16280-1, IN THE CITY OF VICTORVILLE, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 290, PAGE(S) 7 THROUGH 12, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THAT PORTION OF THE AFOREDESCRIBED PROPERTY, WHICH UNDERLIES A PLANE PARALLEL TO AND 250.00 FEET BELOW THE SURFACE THEREOF, WHICH PORTION IS HEREINAFTER REFERRED TO AS "SAID LAND" 1/2 OF ALL OIL, GAS, PETROLEUM AND OTHER HYDROCARBON SUBSTANCES AND THE MINERALS IN, UNDER OR RECOVERABLE FROM SAID LAND TOGETHER WITH THE RIGHT TO INJECT OR INTRODUCE FROM TIME TO TIME, STORE THEREIN AND SUBSEQUENTLY REMOVE SAID LAND 1/2 OF ANY OIL, GAS, PETROLEUM, AND OTHER HYDROCARBON SUBSTANCES AND MINERALS, TOGETHER WITH THE RIGHTS OF WAY, EASEMENTS AND SERVITUDES IN AND THROUGH SAID LAND FOR THE PURPOSE OF EXERCISING THE RIGHTS HEREIN RESERVED INCLUDING, BUT NOT LIMITED TO, THE RIGHT FROM TIME TO TIME TO DRILL WELL HOMES, TO CASE THE SAME AND OTHERWISE TO COMPLETE AND MAINTAIN WELLS INTO AND THROUGH SAID LAND FROM SURFACE LOCATIONS OUTSIDE THE PROPERTY HEREIN CONVEYED PROVIDED, HOWEVER, THAT THE RIGHTS HEREIN RESERVED DO NOT INCLUDE THE RIGHT TO ENTER UPON THE SURFACE OVERLYING SAID LAND AS RESERVED IN THE DEED FROM ELIZABETH C. BREHM AND SHIRLEY J. MCDERMOTT, TRUSTEES RECORDED SEPTEMBER 22, 1986 AS INSTRUMENT NO. 86-273492, OF OFFICIAL RECORDS.

ALSO EXCEPTING THEREFROM, A 1/4 UNDIVIDED INTEREST IN ALL OIL, GAS AND OTHER HYDROCARBONS IN AND UNDER THE REAL PROPERTY DESCRIBED, TOGETHER WITH THE RIGHT TO EXPLORE, DEVELOP, EXTRACT AND REMOVE THE SAME THEREFROM BY SLANT DRILLING OR THE "WHIPSTOCK" METHOD OF OPERATION, WITH DERRICKS OR DRILLINGS LOCATED OUTSIDE OF THE BOUNDARIES OF THE LAND DESCRIBED BELOW, PROVIDED, HOWEVER, THAT THERE IS NO RIGHT OF ENTRY ON THE SURFACE AND/OR DESCRIBED PROPERTY, AS CONVEYED TO VICTORVILLE ASSOCIATES, A CALIFORNIA GENERAL PARTNERSHIP, CONSISTING OF S.G. ENTERPRISES, INC., A CALIFORNIA CORPORATION, AND BRIAN CATALDE DEVELOPMENTS, A CALIFORNIA CORPORATION, BY QUITCLAIM DEED RECORDED MARCH 18, 1988, AS INSTRUMENT NO. 88-81511 OF OFFICIAL RECORDS.

APN: 3104-471-44-0-000

State of California
County of  SAN BERNARDINO                           } ss.

On  February 2, 2005          before me,  C. L. Barton

                                                              personally appeared

ROBERT A LEONARD, MARRIED

                                                  ~~personally known to me~~
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity
upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.



C. L. BARTON
Commission # 1362808
Notary Public - California
San Bernardino County
My Comm. Expires Jun 28, 2006

_____ (Seal)

-8(CA) (0006)                    Page 18 of 18                    Form 3005  1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____ (Seal)
                    -Borrower

_____ (Seal)
                    -Borrower

_____ (Seal)
ROBERT A. LEONARD        -Borrower

_____ (Seal)
                    -Borrower

_____ (Seal)
                    -Borrower

_____ (Seal)
                    -Borrower

_____ (Seal)
                    -Borrower

_____ (Seal)
                    -Borrower

-6(CA) (0008)                Page 14 of 15                Form 3005  1/01

After Recording Return to:

M&T Bank
One Fountain Plaza
Buffalo NY 14203
Attn: Collateral Control and Retention

Loan Number: 0991753848
MIN:

THIS MODIFICATION IS TO BE EXECUTED IN DUPLICATE ORIGINALS.
ONE ORIGINAL IS TO BE AFFIXED TO THE ORIGINAL NOTE AND
ONE ORIGINAL IS TO BE RECORDED IN THE LAND RECORDS WHERE
THE SECURITY INSTRUMENT IS RECORDED.

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Modification"), is effective February 13, 2015, between ROBERT LEONARD ("Borrower") and M&T Bank ("Lender"), and amends and supplements (1) the Note (the "Note") made by the Borrower, dated 02/03/2005, in the original principal sum of U.S. $143,900.00, and (2) the Deed of Trust (the "Security Instrument"), RECORDED: SAN BERNARDINO, CA DATED: 02/03/2005 DOC# 2005-0095118 PAGES 15. The Security Instrument, which was entered into as security for the performance of the Note, encumbers the real and personal property described in the Security Instrument (and defined in the Security Instrument as the "Property"), which is located at 14301 GRAY FOX LN VICTORVILLE, CA 92394. That real property is described as follows: SEE ATTACHED LEGAL DESCRIPTION.

The Borrower has requested that the Lender modify the terms of the Note and Security Instrument. The Lender has agreed to do so pursuant to the terms and conditions stated in this Modification. In consideration of the agreements made in this Modification, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree to modify the terms of the Note and Security Instrument as follows. The Borrower and the Lender agree that the provisions of this Modification supersede and replace any inconsistent provisions set forth in the Note and Security Instrument.

1.    The Borrower represents that the Borrower ☒ is, ☐ is not, the occupant of the Property.

2.    The Borrower acknowledges that interest has accrued but not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses, in the total amount of $3,813.26, have been added to the indebtedness under the terms of the Note and Security Instrument. As of February 13, 2015, the amount, including such amounts which have been added to the indebtedness (if any), payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $153,041.43.

3.    The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender, until the Unpaid Principal Balance has been paid. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.500%, beginning 12/01/2014 the Borrower promises to make monthly payments of principal and interest of U.S. $897.16 beginning on 01/01/2015, and continuing thereafter on the same day of each succeeding month. If on 12/01/2054 (the "Modified Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Modification, the Borrower will pay these amounts in full on the Modified Maturity Date. The Borrower will make such payments at M&T Bank 1800 Washington Blvd , 5th Floor Baltimore, MD 21250 or at such other place as the Lender may require.

4.    Except to the extent that they are modified by this Modification, the Borrower will comply with all of the covenants, agreements, and requirements of the Note and the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument.

5.    Nothing in this Modification shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Modification, the Note and Security Instrument will remain unchanged and in full effect, and the Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Modification.

5.   If one or more riders are executed by the Borrower and recorded together with this Modification, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Modification as if the rider(s) were a part of this Modification

☐   1-4 Family Rider — Assignment of Rents

☐   Modification Due on Transfer Rider

☐   Bankruptcy Rider

☐   Other rider

In Witness Whereof, Lender and Borrower have executed this Agreement.

Borrower:

By: _____  Date: 2/23/15
     ROBERT A LEONARD (Borrower)

Lender:

By: _____  Date: 6/10/15
     M&T Bank

Asset Manager: Amanda Fullard          Mark Churchill
Phone Number: (855) 339-4014
Fax Number:    (786) 470-3613

STATE OF CALIFORNIA NOTARY ACKNOWLEDGEMENT

STATE OF    CALIFORNIA          }

COUNTY OF   San Bernardino    } SS

Robert A. Leonard

On _2/23/2015_ before me, _Victor Leos, Notary Public_ personally appeared who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[Official Notary Seal]

By: _____

Notary Public: _Victor Leos_

My Commission Expires: _12-09-2015_

VICTOR LEOS
COMM. #1963082
Notary Public - California
San Bernardino County
My Comm. Expires Dec. 9, 2015

Lender:

M&T Bank, by Its Attorney In Fact, Bayview Loan Servicing, LLC

By:_____

_____MARK CHURCHILL_____, First Vice President
(Type In Name of Signatory)

STATE OF FLORIDA          ):

COUNTY OF __BROWARD____):

On___/__/__ [date], before me, DESMOND F. BUDWAH  [insert name of
Notary public], a notary public for and within the said county, personally appeared,
_____MARK CHURCHILL [insert name of signatory], FIRST Vice President of
Bayview Loan Servicing, LLC, as Attorney In Fact for M&T Bank; Attorney-In-Fact's
address is 4425 Ponce De Leon Blvd., 5th Floor, Coral Gables, Florida 33146,
personally known to me (or proved to me on the basis of satisfactory evidence) to be
the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or
the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

By:_____
(Signature of person taking acknowledgment)

_____DESMOND F. BUDWAH_____
(Name typed, printed or stamped), Notary Public

_____FF082437_____
(Serial/Commission number, if any)
FEBRUARY 26,2018
(Commission Expiration Date)

Thursday, October 08, 2015

ROBERT LEONARD
14304 GRAY FOX LN
VICTORVILLE, CA. 92394

Dear Customer,

In reviewing your executed modification we found that there was an error in the modification agreement document. In order to resolve this you are receiving the attached corrective agreement. Please sign, notarize and send the new original agreement back to the contact and address below.

Bayview Loan Servicing, LLC
Attn. Mai-Ly Jean Pierre
1415 W. Cypress Creek Road
Suite 200
Ft. Lauderdale, FL 33309

You should continue making all of your payments directly to M&T Bank. If you have any questions or concerns please feel free to contact us at 868-709-3400.

Thank you,

Mai-Ly Jean Pierre

Bayview Loan Servicing, LLC is a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose. To the extent that your obligation has been discharged or is subject to an automatic stay of bankruptcy this notice is for compliance and informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation

# Barry Cooper
# Trust Deeds

**TRUST DEEDS - BROKERAGE
COMMERCIAL - RESIDENTIAL**

17034 Ventura Boulevard, Encino, CA 91316
(323) 672-2622  -  (818) 783-3555



November 6, 2015

Robert Leonard
14304 Gray Fox Ln
Victorville, CA 92394

Re: 14304 Gray Fox Ln

Dear Robert,

This letter will serve as your modification of the $75,000.00 Note which is now modified to $35,000.00 at 6%. First payment was due November 1, 2015 in the amount of $250.00 and was paid on November 1. The loan is fully amortized. Please be prompt as I assured my lender you will be prompt with your payments, which is the reason why we gave you this modification.

Your next payment is due December 1, 2015 and monthly thereafter. There will be no payment slips sent to you and paying on time is your obligation.

Thank you and good luck to you with your new loan.

Yours very truly,

Barry Cooper

Cc. Jeffrey and Dilette Chiprin

Case 6:16-bk-11100-WJ    Doc 60    Filed 09/22/16    Entered 09/22/16 12:00:57    Desc
Case 6:16-bk-11100    J    Main Document    Page 50 of 77    8/17/16 13:43:30    Desc
Branc Case 6:16-bk-11100-WJ    Main Document    Page 24 of 55    6/16/16 11:03:53    Desc
Main Document    Page 24 of 55

Electronically Recorded in Official Records, County of San Bernardino



**LARRY WALKER**
Auditor/Controller - Recorder

850 United Title Co. TSG

Recording Requested By

AND WHEN RECORDED MAIL TO:

[ Barry Cooper Properties  ]
17034 Ventura Blvd.
[ Encino, CA 91315        ]

Doc #:  **2007-0293557**

| Titles: | 1 | Pages: | 2 |
|---|---|---|---|
| Fees | | | 11.00 |
| Taxes | | | .00 |
| Other | | | .00 |
| PAID | | | 11.00 |

LOAN No.  LEONARD

──────────── SPACE ABOVE THIS LINE FOR RECORDER'S USE ────────────

**6075**    ASSIGNMENT OF DEED OF TRUST (INDIVIDUAL)

BARRY COOPER    (ASSIGNOR)    FOR VALUE RECEIVED, does hereby grant, assign, and transfer to

JEFFREY CHIPKIN AND DILETTE CHIPKIN, HUSBAND AND WIFE AS JOINT TENANTS

all beneficial interest under that certain deed of trust dated APRIL 27, 2006

executed by ROBERT A. LEONARD AND EVETTE M. LEONARD    , Trustor

to American Trust Deed Services Corp.    , Trustee
and recorded as Instrument No. 2007-273823
on MAY 4, 2007    in Book    Page    of Official Records in
the County Recorder's office of    SAN BERNARDINO    County, California describing land therein as:

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF, MARKED EXHIBIT "A"

together with the note or notes therein described or referred to the money due and to become due thereon with
interest, and all rights accrued or to accrue.

Dated   MAY 4, 2007    BY: _____
                                BARRY COOPER

STATE OF CALIFORNIA
COUNTY OF
Los Angeles    }SS.

On   MAY 4, 2007    before me,    LAURI TRITON

a Notary Public, in and for said county and state, personally appeared    BARRY COOPER

(Seal)

LAURI TRITON
Commission # 1479464
Notary Public - California
Los Angeles County
My Comm. Expires May 20, 2008

personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person whose name is subscribed to the within
instrument and acknowledged to me that he executed the same in his
authorized capacity, and that by his signature on the instrument the
person, or the entity upon behalf of which the person acted, executed the
instrument.

WITNESS my hand and official seal.

Signature _____

Case 6:16-bk-11100-WJ    Doc 60    Filed 09/22/16    Entered 09/22/16 12:00:57    Desc
Case 6:16-bk-11100-WJ    Doc 49    Filed 08/17/16    Entered 08/17/16 13:43:30    Desc
Branch Case 6:16-bk-11100-WJ    Main Document    Page 51 of 77
Main Document    Page 39 of 77
Case 6:16-bk-11100-WJ    Main Document    06/16/16    Page 39 of 56/16/16 11:03:53    Desc
Main Document    Page 25 of 55

LEONARD

ATTACHED THERETO AND MADE A PART THEREOF, MARKED

## LEGAL DESCRIPTION
EXHIBIT "A"

Real property in the City of Victorville, County of San Bernardino, State of California, described as follows:

LOT 69 OF TRACT NO. 16280-1, IN THE CITY OF VICTORVILLE, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 296, PAGE(S) 7 THROUGH 12, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THAT PORTION OF THE AFOREDESCRIBED PROPERTY, WHICH UNDERLIES A PLANE PARALLEL TO AND 250.00 FEET BELOW THE SURFACE THEREOF, WHICH PORTION IS HEREINAFTER REFERRED TO AS "SAID LAND" 1/2 OF ALL OIL, GAS, PETROLEUM AND OTHER HYDROCARBON SUBSTANCES AND THE MINERALS IN, UNDER OR RECOVERABLE FROM SAID LAND TOGETHER WITH THE RIGHT TO INJECT OR INTRODUCE FROM TIME TO TIME, STORE THEREIN AND SUBSEQUENTLY REMOVE SAID LAND 1/2 OF ANY OIL, GAS, PETROLEUM, AND OTHER HYDROCARBON SUBSTANCES AND MINERALS, TOGETHER WITH THE RIGHTS OF WAY, EASEMENTS AND SERVITUDES IN AND THROUGH SAID LAND FOR THE PURPOSE OF EXERCISING THE RIGHTS HEREIN RESERVED INCLUDING, BUT NOT LIMITED TO, THE RIGHT FROM TIME TO TIME TO DRILL WELL HOMES, TO CASE THE SAME AND OTHERWISE TO COMPLETE AND MAINTAIN WELLS INTO AND THROUGH SAID LAND FROM SURFACE LOCATIONS OUTSIDE THE PROPERTY HEREIN CONVEYED PROVIDED, HOWEVER, THAT THE RIGHTS HEREIN RESERVED DO NOT INCLUDE THE RIGHT TO ENTER UPON THE SURFACE OVERLYING SAID LAND AS RESERVED IN THE DEED FROM ELIZABETH C. DREHM AND SHIRLEY J. MCDERMOTT, TRUSTEES RECORDED SEPTEMBER 22, 1986 AS INSTRUMENT NO. 86-273482, OF OFFICIAL RECORDS.

ALSO EXCEPTING THEREFROM, A 1/4 UNDIVIDED INTEREST IN ALL OIL, GAS AND OTHER HYDROCARBONS IN AND UNDER THE REAL PROPERTY DESCRIBED, TOGETHER WITH THE RIGHT TO EXPLORE, DEVELOP, EXTRACT AND REMOVE THE SAME THEREFROM BY SLANT DRILLING OR THE "WHIPSTOCK" METHOD OF OPERATION, WITH DERRICKS OR DRILLINGS LOCATED OUTSIDE OF THE BOUNDARIES OF THE LAND DESCRIBED BELOW, PROVIDED, HOWEVER, THAT THERE IS NO RIGHT OF ENTRY ON THE SURFACE AND/OR DESCRIBED PROPERTY, AS CONVEYED TO VICTORVILLE ASSOCIATES, A CALIFORNIA GENERAL PARTNERSHIP, CONSISTING OF S.G. ENTERPRISES, INC., A CALIFORNIA CORPORATION, AND BRIAN CATALDE DEVELOPMENTS, A CALIFORNIA CORPORATION, BY QUITCLAIM DEED RECORDED MARCH 18, 1988, AS INSTRUMENT NO. 88-81511 OF OFFICIAL RECORDS.

APN: 3104-471-44

Case 6:16-bk-11100-WJ   Doc 60   Filed 09/22/16   Entered 09/22/16 12:00:57   Desc
Case 6:16-bk-11100...J   Main Document 08/17/16 Page 52 of 7708/17/16 13:43:30   Desc
Case 6:16-bk-11100-WJ   Main Document 06/16/16 Page 50 of 55 06/16/16 11:03:53   Desc
Main Document      Page 26 of 55

Branch :S06   User :4022

Order # SSB-2771779 (DL)
Escrow #SSB-2771779 (mv)

LEONARD

### LEGAL DESCRIPTION

Real property in the City of Victorville, County of San Bernardino, State of California, described as follows:

LOT 69 OF TRACT NO. 16280-1, IN THE CITY OF VICTORVILLE, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 290, PAGE(S) 7 THROUGH 12, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THAT PORTION OF THE AFOREDESCRIBED PROPERTY, WHICH UNDERLIES A PLANE PARALLEL TO AND 250.00 FEET BELOW THE SURFACE THEREOF, WHICH PORTION IS HEREINAFTER REFERRED TO AS "SAID LAND" 1/2 OF ALL OIL, GAS, PETROLEUM AND OTHER HYDROCARBON SUBSTANCES AND THE MINERALS IN, UNDER OR RECOVERABLE FROM SAID LAND TOGETHER WITH THE RIGHT TO INJECT OR INTRODUCE FROM TIME TO TIME, STORE THEREIN AND SUBSEQUENTLY REMOVE SAID LAND 1/2 OF ANY OIL, GAS, PETROLEUM, AND OTHER HYDROCARBON SUBSTANCES AND MINERALS, TOGETHER WITH THE RIGHTS OF WAY, EASEMENTS AND SERVITUDES IN AND THROUGH SAID LAND FOR THE PURPOSE OF EXERCISING THE RIGHTS HEREIN RESERVED INCLUDING, BUT NOT LIMITED TO, THE RIGHT FROM TIME TO TIME TO DRILL WELL HOMES, TO CASE THE SAME AND OTHERWISE TO COMPLETE AND MAINTAIN WELLS INTO AND THROUGH SAID LAND FROM SURFACE LOCATIONS OUTSIDE THE PROPERTY HEREIN CONVEYED PROVIDED, HOWEVER, THAT THE RIGHTS HEREIN RESERVED DO NOT INCLUDE THE RIGHT TO ENTER UPON THE SURFACE OVERLYING SAID LAND AS RESERVED IN THE DEED FROM ELIZABETH C. BREHM AND SHIRLEY J. MCDERMOTT, TRUSTEES RECORDED SEPTEMBER 22, 1986 AS INSTRUMENT NO. 86-273482, OF OFFICIAL RECORDS.

ALSO EXCEPTING THEREFROM, A 1/4 UNDIVIDED INTEREST IN ALL OIL, GAS AND OTHER HYDROCARBONS IN AND UNDER THE REAL PROPERTY DESCRIBED, TOGETHER WITH THE RIGHT TO EXPLORE, DEVELOP, EXTRACT AND REMOVE THE SAME THEREFROM BY SLANT DRILLING OR THE "WHIPSTOCK" METHOD OF OPERATION, WITH DERRICKS OR DRILLINGS LOCATED OUTSIDE OF THE BOUNDARIES OF THE LAND DESCRIBED BELOW, PROVIDED, HOWEVER, THAT THERE IS NO RIGHT OF ENTRY ON THE SURFACE AND/OR DESCRIBED PROPERTY, AS CONVEYED TO VICTORVILLE ASSOCIATES, A CALIFORNIA GENERAL PARTNERSHIP, CONSISTING OF S.G. ENTERPRISES, INC., A CALIFORNIA CORPORATION, AND BRIAN CATALDE DEVELOPMENTS, A CALIFORNIA CORPORATION, BY QUITCLAIM DEED RECORDED MARCH 18, 1988, AS INSTRUMENT NO. 88-81511 OF OFFICIAL RECORDS.

APN: 3104-471-44

Initial X _____   Initial X _____

SAN BERNARDINO, CA Document:TD 2007.273883

APN: 3104-471-44                    DO NOT RECORD                    Leonard

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash of lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the proceeding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and pages where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

REQUEST FOR FULL RECONVEYANCE

Fidelity National Title Insurance Company, an Arizona corporation, TRUSTEE:
The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Dated _____

_____

By: _____                    By: _____

Please mail Reconveyance to:

_____

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both original documents must be delivered to the Trustee for cancellation before reconveyance will be made.

STATE OF CALIFORNIA
COUNTY OF _____

ON _____ before me, _____ personally appeared
_____
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

APN:   3104-471-44

DO NOT RECORD

Leonard

The following is a copy of provisions (1) to (14) inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all incumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any incumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of its truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

INITIALS _____

Case 6:16-bk-11100-WJ    Doc 60    Filed 09/22/16    Entered 09/22/16 12:00:57    Desc
Main Document    Page 55 of 77

Case 6:16-bk-11100-...J    Doc 49    Filed 08/17/16    Entered 08/17/16 13:43:30    Desc
Branch...    Main Document    Page 55 of 77

Case 6:16-bk-11100-WJ    Doc 30    Filed 06/16/16    Entered 06/16/16 11:03:53    Desc
Main Document    Page 29 of 55

APN:  3104-471-44

To Protect the Security of this Deed of Trust, Trustor Agrees:  By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County October 18, 1961, and in all other counties October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|--------|------|------|--------|------|------|--------|------|------|--------|------|------|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glenn | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2 Book 1961, Page 183887 | | | | |

which provisions, identical in all counties, (printed on the attached unrecorded pages) are hereby adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that Trustor will observe and perform said provisions; and that the references to property, obligations and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

STATE OF CALIFORNIA
COUNTY OF San Bernardino
ON May 1, 2007                        before me,
_____ personally appeared
Robert A. Leonard and Evette M. Leonard

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature _____

_____
Robert A. Leonard

_____
Evette M. Leonard

FD-221C (Rev. 9/04)          SHORT FORM DEED OF TRUST WITH ACCELERATION          Page No. 2 of 4

Case 6:16-bk-11100-WJ    Doc 60    Filed 09/22/16    Entered 09/22/16 12:00:57    Desc
Case 6:16-bk-1110    J    Main Document    Page 56 of 77 08/17/16 13:43:30    Desc
Branch :   Case 6:16-bk-11100-WJ    Main Document    Page 54 of 55 06/16/16 11:03:53    Desc
Main Document    Page 30 of 55

# FIRST AMERICAN TITLE

RECORDING REQUESTED BY:

When Recorded Mail Document To:
Barry Cooper
17034 Ventura Blvd.
Encino, CA 91316

Electronically Recorded in Official Records, County of San Bernardino

**LARRY WALKER**
Auditor/Controller - Recorder
698 First American - LH

Doc #: **2007-0273883**

| | | |
|---|---|---|
| Titles: | 2 | Pages: 5 |
| Fees | | 28.00 |
| Taxes | | .00 |
| Other | | .00 |
| PAID | | 28.00 |

277779 Bw
LEONARD (GRAY FOX)

APN: 3104-471-44

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made _____ April 27, 2007 _____ ; between

Robert A. Leonard and Evette M. Leonard, husband
and wife as joint tenants , herein called TRUSTOR, whose address is

14304 Gray Fox Lane, Victorville, CA 92394
American Trust Deed Services Corp., herein called TRUSTEE, and
Barry Cooper and Jeffrey Chiprin and Dilette Chiprin, husband and wife as joint tenants
, herein called BENEFICIARY.

WITNESSETH: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH
POWER OF SALE, that property in __San Bernardino__ County, California, described as:

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF, MARKED EXHIBIT "A"

Anything herein to the contrary notwithstanding, in the event of a voluntary sale, transfer or conveyance of all or
any portion of the property described herein, any indebtedness or obligation due under the note secured hereby,
shall at the option of the holder hereof, immediately become due and payable.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority
given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to
collect and apply such rents, issues and profits.

For the Purpose of Securing: 1. Performance of each agreement of Trustor incorporated by reference or contained
herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension
or renewal thereof, in the principal sum of __$75,000.00__ executed by Trustor in favor
of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property hereafter may
borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

INITIALS $_____ EMC _____

FD-22 (C (Rev. 9/94)        SHORT FORM DEED OF TRUST WITH ACCELERATION        Page No. 1 of 4

Case 6:16-bk-11100-WJ    Doc 60    Filed 09/22/16    Entered 09/22/16 12:00:57    Desc
Case 6:16-bk-1110.    J    Main Document    Page 57 of 77 08/17/16 13:43:30    Desc
Bran Case 6:16-bk-11100-WJ    Main Document    Page 57 of 77 06/16/16 11:03:53    Desc
Main Document    Page 31 of 55

EXHIBIT A

Real property in the City of Victorville, County of San Bernardino, State of California, described as follows:

LOT 69 OF TRACT NO. 16280-1, IN THE CITY OF VICTORVILLE, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 290, PAGE(S) 7 THROUGH 12, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THAT PORTION OF THE AFOREDESCRIBED PROPERTY, WHICH UNDERLIES A PLANE PARALLEL TO AND 250.00 FEET BELOW THE SURFACE THEREOF, WHICH PORTION IS HEREINAFTER REFERRED TO AS "SAID LAND" 1/2 OF ALL OIL, GAS, PETROLEUM AND OTHER HYDROCARBON SUBSTANCES AND THE MINERALS IN, UNDER OR RECOVERABLE FROM SAID LAND TOGETHER WITH THE RIGHT TO INJECT OR INTRODUCE FROM TIME TO TIME, STORE THEREIN AND SUBSEQUENTLY REMOVE SAID LAND 1/2 OF ANY OIL, GAS, PETROLEUM, AND OTHER HYDROCARBON SUBSTANCES AND MINERALS, TOGETHER WITH THE RIGHTS OF WAY, EASEMENTS AND SERVITUDES IN AND THROUGH SAID LAND FOR THE PURPOSE OF EXERCISING THE RIGHTS HEREIN RESERVED INCLUDING, BUT NOT LIMITED TO, THE RIGHT FROM TIME TO TIME TO DRILL WELL HOMES, TO CASE THE SAME AND OTHERWISE TO COMPLETE AND MAINTAIN WELLS INTO AND THROUGH SAID LAND FROM SURFACE LOCATIONS OUTSIDE THE PROPERTY HEREIN CONVEYED PROVIDED, HOWEVER, THAT THE RIGHTS HEREIN RESERVED DO NOT INCLUDE THE RIGHT TO ENTER UPON THE SURFACE OVERLYING SAID LAND AS RESERVED IN THE DEED FROM ELIZABETH C. BREHM AND SHIRLEY J. MCDERMOTT, TRUSTEES RECORDED SEPTEMBER 22, 1988 AS INSTRUMENT NO. 88-273482, OF OFFICIAL RECORDS.

ALSO EXCEPTING THEREFROM, A 1/4 UNDIVIDED INTEREST IN ALL OIL, GAS AND OTHER HYDROCARBONS IN AND UNDER THE REAL PROPERTY DESCRIBED, TOGETHER WITH THE RIGHT TO EXPLORE, DEVELOP, EXTRACT AND REMOVE THE SAME THEREFROM BY SLANT DRILLING OR THE "WHIPSTOCK" METHOD OF OPERATION, WITH DERRICKS OR DRILLINGS LOCATED OUTSIDE OF THE BOUNDARIES OF THE LAND DESCRIBED BELOW, PROVIDED, HOWEVER, THAT THERE IS NO RIGHT OF ENTRY ON THE SURFACE AND/OR DESCRIBED PROPERTY, AS CONVEYED TO VICTORVILLE ASSOCIATES, A CALIFORNIA GENERAL PARTNERSHIP, CONSISTING OF S.G. ENTERPRISES, INC., A CALIFORNIA CORPORATION, AND BRIAN CATALDE DEVELOPMENTS, A CALIFORNIA CORPORATION, BY QUITCLAIM DEED RECORDED MARCH 18, 1998, AS INSTRUMENT NO. 88-81511 OF OFFICIAL RECORDS.

APN: 3104-471-44-0-000

Page 1 of 1

Branch :S06   User :4022

ACKNOWLEDGMENT

State of Louisiana                                              §
                                                               §
Parish of Ouachita                                             §

On this day, __9|5|14__ _____ before me __Y. K. Wilson__ NOTARY PUBLIC
appeared __John Idol__ _____ to me personally known, who, being by me duly
sworn did say that he/she is the __VICE PRESIDENT__ _____, of JPMorgan Chase Bank, National
Association, and that the seal affixed to said instrument is the seal of said national association and that the
instrument was signed in behalf of the national association by authority of its Board of Directors or Trustees and that
__John B. Idol__ _____ acknowledged the instrument to be the free act and deed of the
national association.

Y. K. Wilson
Notary Public #064490
Ouachita Parish, LA
Lifetime Commission

Notary Public

Y. K. Wilson

Printed Name

(Seal)

My Commission Expires:   **LIFETIME**

*1 8 4 2 7 0 3 8 0 1*

1  JIMMY PHILIP METTIAS (SBN 269572)
   THE METTIAS LAW FIRM, APLC
2  14383 Park Avenue Suite 100
   Victorville, CA 92392
3  Telephone: (760) 983-2525
   Facsimile: (760) 843-6855
4
5  **Attorneys for Debtors**

6                    UNITED STATES BANKRUPTCY COURT

7           CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

8

9  In Re:                              )
                                       )   CASE NO.: 6:16-BK-11100-WJ
10                                     )
   ROBERT A. LEONARD, AND EVETTE M.    )
11 LEONARD                             )   **DECLARATION OF APPRAISER**
                                       )   **MARILYN J. GIBSON**
12                                     )
   Debtors.                            )
13                                     )
                                       )
14                                     )
                                       )
15                                     )
                                       )
16                                     )
                                       )
17                                     )
                                       )
18                                     )
                                       )
19 ──────────────────────────────      )

20

21

22

23 TO THE HONORABLE WAYNE E. JOHNSON, UNITED STATES BANKRUPTCY

24 COURT JUDGE, AND ALL INTERESTED PARTIES:

25

26

27

28
   | P a g e DECLARATION OF APPRAISWER MARILYN J. GIBSON

                                                                        1

I, MARILYN J. GIBSON, declare:

1. I am an appraiser duly license to conduct property appraisals, my license number is AR011762

2. I certify to the best of my knowledge and belief that the statements and facts contained in this declaration are true and correct.

3. I was hired by debtors Robert Leonard and Evette Leonard to appraise their real property located at 14304 Gray Fox Lane, Victorville, CA 92394.

4. On July 28, 2016, I appraised the subject property at $190,000.00.

5. Attached as exhibit B is a true and correct copy of the appraisal prepared by me and I authenticate and certify that the information contained in the attached appraisal report is true and correct.

6. My analyses, opinions, and conclusions were developed, and the appraisal report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time the appraisal report was prepared.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct

Dated:        September 20, 2016

_____        Marilyn J. Gibson

| P a g e DECLARATION OF APPRAISWER MARILYN J. GIBSON

| Client | Robert A. & Evette M.Leonard | | | File No. | 14304GVV |
|---|---|---|---|---|---|
| Property Address | 14304 Gray Fox Ln | | | | |
| City | Victorville | County | San Bernardino | State CA | Zip Code 92394 |
| Borrower | Client: Robert A. & Evette M. Leonard | | | | |

## TABLE OF CONTENTS



| | |
|---|---|
| Table of Contents | 1 |
| Property Profile | 2 |
| FIRREA/USPAP Addendum | 3 |
| USPAP Compliance Addendum | 4 |
| GP Residential | 5 |
| Additional Comparables 4-6 | 8 |
| Satellite View Of Subject | 9 |
| Plat Map | 10 |
| Location Map | 11 |
| Subject Photos | 12 |
| Comparable Photos 1-3 | 13 |
| Comparable Photos 4-6 | 14 |
| GP Restricted Certifications Addendum | 15 |
| Appraiser License | 17 |

## Property Profile

| Client | Robert A. & Evette M.Leonard | | | |
|---|---|---|---|---|
| Property Address | 14304 Gray Fox Ln | | | |
| City | Victorville | County | San Bernardino | State CA    Zip Code 92394 |
| Borrower | Client: Robert A. & Evette M. Leonard | | | |



**First American**

**myFirstAm® Property Profile**                    **14304 Gray Fox Ln, Victorville, CA 92394**

### Property Information

| Owner(s): | Leonard Robert A / Leonard Evette M | Mailing Address: | 14304 Gray Fox Ln, Victorville, CA 92394 |
|---|---|---|---|
| Owner Phone: | Unknown | Property Address: | 14304 Gray Fox Ln, Victorville, CA 92394 |
| Vesting Type: | Husband And Wife | Alt APN: | |
| County: | San Bernardino | APN: | 3104-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 |
| Map Coord: | | Census Tract: | 009110 |
| Lot: | 69 | Block: | |
| Subdivision: | | Tract: | 16280-1 |
| Legal: | Tract 16280-1 Lot 69 Book 290 Page 7 | | |

### Property Characteristics

| Use: | Sfr | Year Built / Eff. : | 2004 / 2004 | Sq. Ft.: | 1795 |
|---|---|---|---|---|---|
| Zoning: | | Lot Size Ac / Sq Ft: | 0.1205 / 5250 | # of Units: | 1 |
| Bedrooms: | 3 | Bathrooms: | 2.5 | Fireplace: | Y |
| # Rooms: | 7 | Quality: | | Heating: | Central |
| Pool: | | Air: | | Style: | Modern |
| Stories: | 2 | Improvements: | | Parking / #: | Attached Frame |
| Gross Area: | 2235 | Garage Area : | 440 | Basement Area: | |

### Sale and Loan Information

| Sale / Rec Date: | / 04/08/2004 | *$/Sq. Ft.: | $111.98 | 2nd Mtg.: | |
|---|---|---|---|---|---|
| Sale Price: | $201,000 | 1st Loan: | $80,000 | Prior Sale Amt: | |
| Doc No.: | 242171 | Loan Type: | Conventional | Prior Sale Date: | |
| Doc Type: | Deed | Transfer Date: | 04/08/2004 | Prior Doc No.: | |
| Seller: | Woodside Brentwood 95 Inc | Lender: | First Franklin Financial Corp | Prior Doc Type: | |

*$/Sq. Ft. is a calculation of Sale Price divided by Sq Feet

### Tax Information

| Imp Value: | $138,000 | Exemption Type: | Homestead |
|---|---|---|---|
| Land Value: | $35,000 | Tax Year / Area: | 2015 / 12031 |
| Total Value: | $173,000 | Tax Value: | $166,000 |
| Total Tax Amt: | $2,216.41 | Improved: | 80% |

This report is only for the myFirstAm user who applied for it. No one else can rely on it. As a myFirstAm user, you already agreed to our disclaimer regarding third party property information accuracy. You can view it here: www.myfirstam.com/SecurityShowEULA. ©2005-2016 First American Financial Corporation and/or its affiliates. All rights reserved.

Form SCNLGH - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

## FIRREA / USPAP ADDENDUM

| | |
|---|---|
| Client | Robert A. & Evette M. Leonard |
| Property Address | 14304 Gray Fox Ln |
| City | Victorville |
| County | San Bernardino |
| State | CA |
| Zip Code | 92394 |
| Borrower | Client: Robert A. & Evette M. Leonard |

File No. 14304GVV

### Purpose

The purpose of this appraisal report is to determine an opinion of value of the Subject property, as defined in this report, as of the effective date stated herein. This opinion of value is not intended for use as a basis for a real estate lending transaction.

### Scope of Work

1) A preliminary search was made to determine the current market trends and significant factors pertinent to the Subject property. 2) Physical exterior inspection was performed. While due diligence was exercised, the appraiser is not an expert in matters of pest control, structural engineering,hazardous waste, soil slippage, etc. and no warranty is given with regard to these elements. 3) Market data was reviewed and relevant factors weighed. 4) The appraisal report was completed and delivered to the client which constituted completion of this assignment

### Intended Use / Intended User

Intended Use:    The use of the appraisal is to determine an opinion of the market value of the subject property in "as is" condition as of July 28, 2016 for the purpose of a Bankruptcy. User is the indicated client and their designated legal counsel.

Intended User(s):  Robert A. & Evette M. Leonard along with their designated legal counsel.

### History of Property

Current listing information:   Per High Desert Board Of Realtors and California Regional Mls, the subject has not been offered for sale on the open market for the past twelve months.

Prior sale:   Per First American Title the subject previously transferred title as a sale of new construction 04/08/2004 for $201,000.

### Exposure Time / Marketing Time

Based on the current market trends in the general area, taking into account the size, age and condition, and the price range of the Subject and surrounding properties, the estimated marketing time for the Subject at it's opinion of value would, more than likely, be a marketing time of under 90 days if price at what the current market will bear.

### Personal (non realty) Transfers

No personal property is considered.

### Additional Comments

The appraiser possesses the knowledge and experience to complete the assignment competently.

The appraisal report is intended to be a self contained document including all information necessary to enable the reader to understand the appraisers opinion.

The subject was inspected 07/28/2016 exterior only from the street. An assumption is made that the subject has been maintained to an overall average condition lending an overall average appeal and marketability.

### Certification Supplement

1. This appraisal assignment was not based on a requested minimum valuation, a specific valuation, or an approval of a loan.
2. My compensation is not contingent upon the reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value estimate, the attainment of a stipulated result or the occurrence of a subsequent event.

| | | |
|---|---|---|
| Appraiser: | Marilyn J. Gibson | Supervisory Appraiser: |
| Signed Date: | | Signed Date: |
| Certification or License #: | AR011762 | Certification or License #: |
| Certification or License State: | CA  Expires: 07/25/2017 | Certification or License State:  Expires: |
| Effective Date of Appraisal: | 07/28/2016 | Inspection of Subject: ☐ Did Not ☐ Exterior Only ☐ Interior and Exterior |

Form FUA_LG2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

USPAP Compliance Addendum

Loan #
File # 14304GVV

| | |
|---|---|
| Client | Robert A. & Evette M.Leonard |
| Property Address | 14304 Gray Fox Ln |
| City | Victorville | County San Bernardino | State CA | Zip Code 92394 |
| Borrower | Client: Robert A. & Evette M. Leonard |

## APPRAISAL AND REPORT IDENTIFICATION
This Appraisal Report is one of the following types:

☒ Appraisal Report — This report was prepared in accordance with the requirements of the Appraisal Report option of USPAP Standards Rule 2-2(a).

☐ Restricted Appraisal Report — This report was prepared in accordance with the requirements of the Restricted Appraisal Report option of USPAP Standards Rule 2-2(b). The intended user of this report is limited to the identified client. This is a Restricted Appraisal Report and the rationale for how the appraiser arrived at the opinions and conclusions set forth in the report may not be understood properly without the additional information in the appraiser's workfile.

## ADDITIONAL CERTIFICATIONS
I certify that, to the best of my knowledge and belief:

- The statements of fact contained in this report are true and correct.

- The report analyses, opinions, and conclusions are limited only by the reported assumptions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.

- I have no (or the specified) present or prospective interest in the property that is the subject of this report and no (or specified) personal interest with respect to the parties involved.

- I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.

- My engagement in this assignment was not contingent upon developing or reporting predetermined results.

- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

- My analyses, opinions, and conclusions were developed and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

- This appraisal report was prepared in accordance with the requirements of Title XI of FIRREA and any implementing regulations.

## PRIOR SERVICES
☒ I have NOT performed services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

☐ I HAVE performed services, as an appraiser or in another capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment. Those services are described in the comments below.

## PROPERTY INSPECTION
☐ I have NOT made a personal inspection of the property that is the subject of this report.

☒ I HAVE made a personal inspection of the property that is the subject of this report.

## APPRAISAL ASSISTANCE
Unless otherwise noted, no one provided significant real property appraisal assistance to the person signing this certification. If anyone did provide significant assistance, they are hereby identified along with a summary of the extent of the assistance provided in the report.

N/A

## ADDITIONAL COMMENTS
Additional USPAP related issues requiring disclosure and/or any state mandated requirements:     No additional disclosures regarding USPAP or state mandated requirements.

Note: The inspection of the property was an exterior inspection only on July 28, 2016,

## MARKETING TIME AND EXPOSURE TIME FOR THE SUBJECT PROPERTY
☒ A reasonable marketing time for the subject property is    <90    day(s) utilizing market conditions pertinent to the appraisal assignment.

☒ A reasonable exposure time for the subject property is    <90    day(s).

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature *Marilyn Gibson* | Signature |
| Name Marilyn J. Gibson | Name |
| Date of Signature | Date of Signature |
| State Certification # AR011762 | State Certification # |
| or State License # | or State License # |
| State CA | State |
| Expiration Date of Certification or License 07/25/2017 | Expiration Date of Certification or License |
| | Supervisory Appraiser Inspection of Subject Property |
| Effective Date of Appraisal 07/28/2016 | ☐ Did Not  ☐ Exterior-only from Street  ☐ Interior and Exterior |

Form ID14EC - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

# RESIDENTIAL APPRAISAL REPORT

File No.: 14304GVV

Property Address: 14304 Gray Fox Ln    City: Victorville    State: CA    Zip Code: 92394
County: San Bernardino    Legal Description: Tract 16280-1 Lot 69 Book 290 Page 7
Assessor's Parcel #: 3104 471 44 0000

Tax Year: 2015    R.E. Taxes: $ 2,218    Special Assessments: $ 0    Borrower (if applicable):    Client: Robert A. & Evette M. Leonard
Current Owner of Record: Robert A. & Evette M. Leonard    Occupant: ☒ Owner    Tenant    Vacant    Manufactured Housing
Project Type: ☐ PUD    ☐ Condominium    ☐ Cooperative    ☐ Other (describe)    HOA: $ 0    ☐ per year    ☐ per month
Market Area Name: Reno Loop/Woodside Brentwood Tract    Map Reference: 40140    Census Tract: 0091.10
The purpose of this appraisal is to develop an opinion of: ☒ Market Value (as defined), or ☐ other type of value (describe)
This report reflects the following value (if not Current, see comments): ☒ Current (the Inspection Date is the Effective Date)    ☐ Retrospective    ☐ Prospective
Approaches developed for this appraisal: ☒ Sales Comparison Approach    ☐ Cost Approach    ☐ Income Approach    (See Reconciliation Comments and Scope of Work)
Property Rights Appraised: ☒ Fee Simple    ☐ Leasehold    ☐ Leased Fee    ☐ Other (describe)
Intended Use: Bankruptcy

Intended User(s) (by name or type): Robert A. & Evette M. Leonard along with their designated legal counsel.
Client: Robert A. & Evette M.Leonard    Address: 14304 Gray Fox Ln, Victorville, CA 92394
Appraiser: Marilyn J. Gibson    Address: P.O. Box 944, Apple Valley, CA 92307

| Location: | ☐ Urban ☒ Suburban ☐ Rural | Predominant Occupancy | One-Unit Housing | | Present Land Use | | Change in Land Use | |
|---|---|---|---|---|---|---|---|---|
| Built up: | ☒ Over 75% ☐ 25-75% ☐ Under 25% | | PRICE $(000) | AGE (yrs) | One-Unit | 75 % | ☒ Not Likely | |
| Growth rate: | ☐ Rapid ☒ Stable ☐ Slow | ☒ Owner 90 | | | 2-4 Unit | 0 % | ☐ Likely * | ☐ In Process * |
| Property values: | ☐ Increasing ☒ Stable ☐ Declining | ☒ Tenant 10 | 150 Low 7 | | Multi-Unit | 0 % | * To: | |
| Demand/supply: | ☒ Shortage ☐ In Balance ☐ Over Supply | ☒ Vacant (0-5%) | 250 High 30 | | Comm'l | 2 % | | |
| Marketing time: | ☒ Under 3 Mos. ☐ 3-6 Mos. ☐ Over 6 Mos. | ☐ Vacant (>5%) | 185 Pred 11 | | Vacant land | 23 % | | |

Market Area Boundaries, Description, and Market Conditions (including support for the above characteristics and trends): Hopland St-North, El Evado Rd-East,
Seneca Rd-South and Highway 395-West.This area is comprised of housing tract developments of one and two story homes with a wide
range of size and typically situated on 4,500 -10,000 square foot lot. Shopping, community services and freeway access within five to ten
minute drive. Children are transported to local schools. Employment available throughout the High Desert area as well as San Bernardino
which is a 30 minute commute and Los Angeles up to 90 minute commute not uncommon for High Desert residents. Market values increased
during 2004-2005, stabilized in 2006 and commenced to decline mid year of 2007. Continued to decline until 2010 at which time stabilization
was noted up until 2012 when some increase was noted until 2013 then the market returned to stable.Currently there is an under supply of
homes and market values slowly increasing in some of areas. The number of sales within this area is not adequate to determine an increase
at this time. Therefore, market values be considered stable, an under supply and marketing time under 90 days.

Dimensions: 50 x 105    Site Area: 5,250 Sq.Ft.
Zoning Classification: R-1    Description: Single Family Residential
Zoning Compliance: ☒ Legal    ☐ Legal nonconforming (grandfathered)    ☐ Illegal    ☐ No zoning
Are CC&Rs applicable? ☐ Yes ☒ No ☐ Unknown    Have the documents been reviewed? ☐ Yes ☐ No    Ground Rent (if applicable)    $    /
Highest & Best Use as Improved: ☒ Present use, or ☐ Other use (explain)

Actual Use as of Effective Date: Single Family Residence    Use as appraised in this report: Single Family Residence
Summary of Highest & Best Use: As improved for present use.

| Utilities | Public | Other | Provider/Description | Off-site Improvements | Type | Public | Private | Topography | Level |
|---|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | ☐ | SC Edison | Street | Asphalt | ☒ | ☐ | Size | 5,250 sf |
| Gas | ☒ | ☐ | Southwest Gas | Curb/Gutter | Concrete | ☒ | ☐ | Shape | Rectangular |
| Water | ☒ | ☐ | City | Sidewalk | Concrete | ☒ | ☐ | Drainage | Appears Adequate |
| Sanitary Sewer | ☒ | ☐ | City | Street Lights | Standard | ☒ | ☐ | View | Residential |
| Storm Sewer | ☐ | ☒ | None | Alley | None | | | | |

Other site elements: ☒ Inside Lot ☐ Corner Lot ☐ Cul de Sac ☐ Underground Utilities ☐ Other (describe)
FEMA Spec'l Flood Hazard Area ☐ Yes ☒ No    FEMA Flood Zone X    FEMA Map # 06071C5815H    FEMA Map Date 8/28/2008
Site Comments: Appraiser has not reviewed land records for recorded easements. Only visible or known easement, encroachments or other
adverse conditions would be reported. Subject has all public utilities. No adverse conditions are noted.

| General Description | Exterior Description | | Foundation | | Basement | ☒ None | Heating | |
|---|---|---|---|---|---|---|---|---|
| # of Units 1 ☐ Acc.Unit | Foundation | Conc. footings | Slab | Concrete | Area Sq. Ft. 0 | | Type | Fau |
| # of Stories 2 | Exterior Walls | Stucco | Crawl Space 0 | | % Finished 0 | | Fuel | Gas |
| Type ☒ Det. ☐ Att. ☐ | Roof Surface | Concrete tile | Basement 0 | | Ceiling 0 | | | |
| Design (Style) Modern/2 story | Gutters & Dwnspts. Adeq.Ovhng. | | Sump Pump 0 | | Walls 0 | | Cooling | |
| ☒ Existing ☐ Proposed ☐ Und.Cons. | Window Type | Vinyl slider | Dampness 0 | | Floor 0 | | Central Cac | |
| Actual Age (Yrs.) 12 | Storm/Screens | Screens | Settlement 0 | | Outside Entry 0 | | Other | |
| Effective Age (Yrs.) 12 | | | Infestation 0 | | | | | |

| Interior Description | | Appliances | | Attic None | Amenities | | Car Storage | ☐ None |
|---|---|---|---|---|---|---|---|---|
| Floors | Unknown | Refrigerator ☐ | Stairs ☐ | | Fireplace(s) # Fireplace    Woodstove(s) # 0 | | Garage # of cars ( 4 Tot.) | |
| Walls | Drywall | Range/Oven ☒ | Drop Stair ☒ | | Patio Open concrete | | Attach 2 | |
| Trim/Finish | Unknown | Disposal ☒ | Scuttle ☒ | Deck 0 | | | Detach. | |
| Bath Floor | Unknown | Dishwasher ☒ | Doorway ☐ | | Porch Cov Entry | | Blt-In | |
| Bath Wainscot | Unknown | Fan/Hood ☐ | Floor ☐ | | Fence Wood | | Carport | |
| Doors | Unknown | Microwave ☒ | Heated ☐ | | Pool None | | Driveway 2 | |
| | | Washer/Dryer ☐ | Finished ☐ | | | | Surface Concrete | |

Finished area above grade contains: 7 Rooms    3 Bedrooms    2.5 Bath(s)    1,795 Square Feet of Gross Living Area Above Grade
Additional features: No special features noted.

Describe the condition of the property (including physical, functional and external obsolescence): Based on exterior inspection 07/28/2016 the subject appears
to be a twelve year old home with no visible specific repairs or deterioration noted. No external obsolescence noted.

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

**GP RESIDENTIAL**    Form GPRES2 – "TOTAL" appraisal software by a la mode, inc. – 1-800-ALAMODE    3/2007

## RESIDENTIAL APPRAISAL REPORT

File No. 14304GVV

| | | | |
|---|---|---|---|
| My research [ ] did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal. | | | |
| Data Source(s): | Realist/First American Title and High Desert Board Of Realtors | | |
| 1st Prior Subject Sale/Transfer | Analysis of sale/transfer history and/or any current agreement of sale/listing: | Per High Desert Board Of Realtors and | |
| Date: 04/08/2004 | California Regional Mls, the subject has not been listed for sale during the past three years, | | |
| Price: $201,000. | | | |
| Source(s): Realist/Title Co. | Subject 04/08/2014 purchase was for new construction sale. | | |
| 2nd Prior Subject Sale/Transfer | | | |
| Date: | | | |
| Price: | | | |
| Source(s): | | | |

### SALES COMPARISON APPROACH TO VALUE (if developed)     The Sales Comparison Approach was not developed for this appraisal.

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 14304 Gray Fox Ln | 15204 Hallmark Ln | | 14665 Foothill Rd | | 14930 Salamander Ln | |
| | Victorville, CA 92394 | Victorville, CA 92394 | | Victorville, CA 92394 | | Victorville, CA 92394 | |
| Proximity to Subject | | 0.57 miles NW | | 0.44 miles SE | | 0.09 miles SW | |
| Sale Price | $ N/A | $ | 191,500 | $ | 195,000 | $ | 190,000 |
| Sale Price/GLA | $ /sq.ft. | $ 114.06 /sq.ft. | | $ 112.39 /sq.ft. | | $ 105.85 /sq.ft. | |
| Data Source(s) | Realist/Title Co | Mls# 471444  Dom: 12 | | Mls# 469893  Dom: 4 | | Mls# 463077  Dom: 170 | |
| Verification Source(s) | Drive-by | Realist/Title Co/Doc#265806 | | Realist/Title Co/Doc# 185463 | | Realist/Title Co/Doc#143240 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing | 0 | Cash | | Fha | | Fha | |
| Concessions | 0 | 0 | | 0 | | 0 | |
| Date of Sale/Time | N/A | 07/06/2016 | | 05/12/2016 | | 04/15/2016 | |
| Rights Appraised | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Location | Average | Average | | Average | | Average | |
| Site | 5,250 sf | 4,834 sf | 0 | 4,600 sf | 0 | 5,227 sf | 0 |
| View | Residential | Residential | | Residential | | Residential | |
| Design (Style) | Modern/2 story | Modern/2 story | | Modern/2 story | | Modern/2 story | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Age | 12 | 12 | | 15 | 0 | 13 | 0 |
| Condition | Average | Superior | -5,000 | Average | | Average | |
| Above Grade | Total / Bdrms / Baths | Total / Bdrms / Baths | | Total / Bdrms / Baths | | Total / Bdrms / Baths | |
| Room Count | 7 / 3 / 2.5 | 7 / 4 / 2.5 | -3,000 | 7 / 4 / 2.5 | -3,000 | 7 / 3 / 2.5 | |
| Gross Living Area | 1,795 sq.ft. | 1,679 sq.ft. | +6,400 | 1,735 sq.ft. | 0 | 1,795 sq.ft. | |
| Basement & Finished | 0 | 0 | | 0 | | 0 | |
| Rooms Below Grade | 0 | 0 | | 0 | | 0 | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | Fau/Cac | Fau/Cac | | Fau/Cac | | Fau/Cac | |
| Energy Efficient Items | Per Code | Per Code | | Per Code | | Per Code | |
| Garage/Carport | 2g | 2g | | 2g | | 2g | |
| Porch/Patio/Deck | Patio | Similar | | Similar | | Similar | |
| Fireplace or wood stove | Fireplace | Fireplace | | Fireplace | | Fireplace | |
| Fence, etc | Fence | Similar | | Similar | | Similar | |
| | | | | | | | |
| Assessor Parcel No. | 3104 471 44 | 3104 151 40 | | 3104 382 57 | | 3104 481 06 | |
| Net Adjustment (Total) | | [ ]+ [X]- $ | -1,600 | [ ]+ [X]- $ | -3,000 | [ ]+ [ ]- $ | |
| Adjusted Sale Price | | | | | | | |
| of Comparables | | $ 189,900 | | $ 192,000 | | $ 190,000 | |

Summary of Sales Comparison Approach    The comparables selected for this report are all located within a one mile radius and are not Bank
Owned sales or Short Sales. All are arms length transactions. No reported Seller concessions and no market condition adjustment required.
No price difference is noted for the variance in lot size. Age varies -1 / +3 years and no adjustment is made until five years and over. Based
on information available all comparables are considered to be in average condition except Comp#1 which has reported upgrades and is
adjusted based market data. Superior bedroom count is adjusted using $3,000. per bedroom and square footage adjusted using $55. per sf.

Comp#4 is a pending sale used as supportive data.

Each sale comparable was given equal consideration in determining an opinion of value. Comp#1 for being the most recent sale, Comp#2
the second most recent sale requiring no adjustment for superior bedroom count and Comp#3 for being a market match requiring no
adjustment. The extended marketing time for Comp#3 was due to original list price of $214,500. List price reduced three time, a pending
sale, a back up sale, back on the market 03/01/2016 for $194,500 and a closed sale 04/15/2016.

Appraiser is aware that the opinion of value does not bracket the sales price of the comparables but does bracket the adjusted sales price.

Indicated Value by Sales Comparison Approach $     190,000

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

**GP RESIDENTIAL**

## RESIDENTIAL APPRAISAL REPORT

File No.: 14304GVV

| COST APPROACH TO VALUE (if developed) | ☒ The Cost Approach was not developed for this appraisal. | ☐ |
|---|---|---|

Provide adequate information for replication of the following cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value): **Not developed for this assignment.**

| ESTIMATED ☐ REPRODUCTION OR ☐ REPLACEMENT COST NEW | OPINION OF SITE VALUE | | = $ |
|---|---|---|---|
| Source of cost data: | DWELLING | Sq.Ft. @ $ | = $ |
| Quality rating from cost service:    Effective date of cost data: | | Sq.Ft. @ $ | = $ |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.): | | Sq.Ft. @ $ | = $ |
| **Not required or developed for this assignment.** | | Sq.Ft. @ $ | = $ |
| | | Sq.Ft. @ $ | = $ |
| | | | = $ |
| **Estimated Remaining Economic Life: 40-45 years** | Garage/Carport | Sq.Ft. @ $ | = $ |
| | Total Estimate of Cost-New | | = $ |
| | Less    Physical | Functional | External |
| | Depreciation | | = $( ) |
| | Depreciated Cost of Improvements | | = $ |
| | "As-is" Value of Site Improvements | | = $ |
| | | | = $ |
| | | | = $ |
| Estimated Remaining Economic Life (if required): | Years | INDICATED VALUE BY COST APPROACH | = $ |

| INCOME APPROACH TO VALUE (if developed) | ☒ The Income Approach was not developed for this appraisal. | |
|---|---|---|
| Estimated Monthly Market Rent $ | X Gross Rent Multiplier    = $ | Indicated Value by Income Approach |

Summary of Income Approach (including support for market rent and GRM): **Not developed for this assignment.**

| PROJECT INFORMATION FOR PUDs (if applicable) | ☐ The Subject is part of a Planned Unit Development. |
|---|---|

Legal Name of Project:

Describe common elements and recreational facilities:    N/A

| Indicated Value by: Sales Comparison Approach $ | 190,000 | Cost Approach (if developed) $ | ND | Income Approach (if developed) $ | ND |
|---|---|---|---|---|---|

Final Reconciliation    Neighborhood predominately owner occupied.  Income approach not applicable.  Cost approach not applicable to this assignment.  Market data approach is best indicator.  All factors were given consideration to arrive at an opinion of market value.

ND: Not developed.

This appraisal is made ☒ "as is", ☐ subject to completion per plans and specifications on the basis of a Hypothetical Condition that the improvements have been completed, ☐ subject to the following repairs or alterations on the basis of a Hypothetical Condition that the repairs or alterations have been completed, ☐ subject to the following required inspection based on the Extraordinary Assumption that the condition or deficiency does not require alteration or repair:  No conditions to appraisal. Appraised "As Is".

☒ This report is also subject to other Hypothetical Conditions and/or Extraordinary Assumptions as specified in the attached addenda.

Based on the degree of inspection of the subject property, as indicated below, defined Scope of Work, Statement of Assumptions and Limiting Conditions, and Appraiser's Certifications, my (our) Opinion of the Market Value (or other specified value type), as defined herein, of the real property that is the subject of this report is: $    190,000    , as of:    07/28/2016    , which is the effective date of this appraisal. If indicated above, this Opinion of Value is subject to Hypothetical Conditions and/or Extraordinary Assumptions included in this report.  See attached addenda.

A true and complete copy of this report contains    17    pages, including exhibits which are considered an integral part of the report. This appraisal report may not be properly understood without reference to the information contained in the complete report.

Attached Exhibits:
| ☒ Scope of Work | ☒ Limiting Cond./Certifications | ☐ Narrative Addendum | ☒ Photograph Addenda | ☐ Sketch Addendum |
|---|---|---|---|---|
| ☒ Map Addenda | ☐ Additional Sales | ☐ Cost Addendum | ☐ Flood Addendum | ☐ Manuf. House Addendum |
| ☐ Hypothetical Conditions | ☒ Extraordinary Assumptions | ☐ | | |

Client Contact:    river_vette@yahoo.com    Client Name:    Robert A. & Evette M.Leonard
E-Mail:    river_vette@yahoo.com    Address:    14304 Gray Fox Ln, Victorville, CA 92394

| APPRAISER | SUPERVISORY APPRAISER (if required) or CO-APPRAISER (if applicable) |
|---|---|

*[signature: Marilyn Gibson]*

| Appraiser Name:    Marilyn J. Gibson | Supervisory or Co-Appraiser Name: |
|---|---|
| Company:    Marilyn Gibson Appraisal Service | Company: |
| Phone: (760) 240-4204    Fax: (866) 660-7996 | Phone:    Fax: |
| E-Mail: mgibson7@verizon.net | E-Mail: |
| Date of Report (Signature):    08/07/2016 | Date of Report (Signature): |
| License or Certification #:    AR011762    State: CA | License or Certification #:    State: |
| Designation:    CREA | Designation: |
| Expiration Date of License or Certification:    07/25/2017 | Expiration Date of License or Certification: |
| Inspection of Subject: ☐ Interior & Exterior ☒ Exterior Only ☐ None | Inspection of Subject: ☐ Interior & Exterior ☐ Exterior Only ☐ None |
| Date of Inspection:    07/28/2016 | Date of Inspection: |

Copyright 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

**GP RESIDENTIAL**    Form GPRES2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE    3/2007

## ADDITIONAL COMPARABLE SALES

File No.: 14304GVV

| FEATURE | SUBJECT | COMPARABLE SALE # 4 | | COMPARABLE SALE # 5 | | COMPARABLE SALE # 6 | |
|---|---|---|---|---|---|---|---|
| Address | 14304 Gray Fox Ln | 14002 Jockey Ln | | | | | |
| | Victorville, CA 92394 | Victorville, CA 92394 | | | | | |
| Proximity to Subject | | 0.60 miles SW | | | | | |
| Sale Price | $ N/A | $ 189,900 | | $ | | $ | |
| Sale Price/GLA | $ /sq.ft. | $ 112.43 /sq.ft. | | $ /sq. ft. | | $ /sq. ft. | |
| Data Source(s) | Realist/Title Co | Mls# 475005 Dom 1 | | | | | |
| Verification Source(s) | Drive-by | Realist/Title Co | | | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing | 0 | Pending | | | | | |
| Concessions | 0 | 0 | | | | | |
| Date of Sale/Time | N/A | Contr. 08/02/2016 | | | | | |
| Rights Appraised | Fee Simple | Fee Simple | | | | | |
| Location | Average | Average | | | | | |
| Site | 5,250 sf | 5,501 sf | 0 | | | | |
| View | Residential | Residential | | | | | |
| Design (Style) | Modern/2 story | Modern/2 story | | | | | |
| Quality of Construction | Average | Average | | | | | |
| Age | 12 | 11 | | | | | |
| Condition | Average | Average | | | | | |
| Above Grade | Total / Bdrms / Baths | Total / Bdrms / Baths | | Total / Bdrms / Baths | | Total / Bdrms / Baths | |
| Room Count | 7 / 3 / 2.5 | 7 / 3 / 2.5 | | | | | |
| Gross Living Area | 1,795 sq.ft. | 1,689 sq.ft. | +5,800 | sq.ft. | | sq.ft. | |
| Basement & Finished | 0 | 0 | | | | | |
| Rooms Below Grade | 0 | 0 | | | | | |
| Functional Utility | Average | Average | | | | | |
| Heating/Cooling | Fau/Cac | Fau/Cac | | | | | |
| Energy Efficient Items | Per Code | Per Code | | | | | |
| Garage/Carport | 2g | 2g | | | | | |
| Porch/Patio/Deck | Patio | Similar | | | | | |
| Fireplace or wood stove | Fireplace | Fireplace | | | | | |
| Fence, etc | Fence | Similar | | | | | |
| Assessor Parcel No. | 3104 471 44 | 3104 582 33 | | | | | |
| Net Adjustment (Total) | | ☒ + ☐ - | $ 5,800 | ☐ + ☐ - | $ | ☐ + ☐ - | $ |
| Adjusted Sale Price | | | | | | | |
| of Comparables | | $ 195,700 | | $ 0 | | $ | 0 |

Summary of Sales Comparison Approach    Comp#4 a pending sale considered similar with the exception of inferior square footage.

Copyright 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

**GP RESIDENTIAL**

Form GPRES2.(AC) - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE    3/2007

**Satellite View Of Subject**

| Client | Robert A. & Evette M.Leonard | | | | | | | |
|--------|------------------------------|--|--|--|--|--|--|--|
| Property Address | 14304 Gray Fox Ln | | | | | | | |
| City | Victorville | County | San Bernardino | State | CA | Zip Code | 92394 | |
| Borrower | Client: Robert A. & Evette M. Leonard | | | | | | | |



**Plat Map**

| Client | Robert A. & Evette M.Leonard | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 14304 Gray Fox Ln | | | | | | |
| City | Victorville | | County | San Bernardino | State | CA | Zip Code | 92394 |
| Borrower | Client: Robert A. & Evette M. Leonard | | | | | | |



my.FirstAm®    **Tax Map**    14304 Gray Fox Ln, Victorville, CA 92394



This report is only for the myFirstAm user who applied for it. No one else can rely on it. As a myFirstAm user, you already agreed to our disclaimer regarding third party property information accuracy. You can view it here: www.myfirstam.com/Security/ShowEULA. ©2005-2016 First American Financial Corporation and/or its affiliates. All rights reserved.

Form SCNLGH - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

**Location Map**

| Client | Robert A. & Evette M.Leonard | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 14304 Gray Fox Ln | | | | | | |
| City | Victorville | | County | San Bernardino | State | CA | Zip Code 92394 |
| Borrower | Client: Robert A. & Evette M. Leonard | | | | | | |



**Subject Photos Driveby Inspection Only**

| Client | Robert A. & Evette M. Leonard | | | | |
|---|---|---|---|---|---|
| Property Address | 14304 Gray Fox Ln | | | | |
| City | Victorville | County San Bernardino | | State CA | Zip Code 92394 |
| Borrower | Client: Robert A. & Evette M. Leonard | | | | |



**Subject Front 07/28/2016**

14304 Gray Fox Ln

| | |
|---|---|
| Sales Price | N/A |
| Gross Living Area | 1,795 |
| Total Rooms | 7 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.5 |
| Location | Average |
| View | Residential |
| Site | 5,250 sf |
| Quality | Average |
| Age | 12 |



**Street-West**



**Street-East**

**Comparable Photos 1-3**

| Client | Robert A. & Evette M Leonard | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 14304 Gray Fox Ln | | | | | |
| City | Victorville | County | San Bernardino | State | CA | Zip Code | 92394 |
| Borrower | Client: Robert A. & Evette M. Leonard | | | | | |



### Comparable 1

15204 Hallmark Ln

| | |
|---|---|
| Prox. to Subject | 0.57 miles NW |
| Sales Price | 191,500 |
| Gross Living Area | 1,879 |
| Total Rooms | 7 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.5 |
| Location | Average |
| View | Residential |
| Site | 4,834 sf |
| Quality | Average |
| Age | 12 |



### Comparable 2

14665 Foothill Rd

| | |
|---|---|
| Prox. to Subject | 0.44 miles SE |
| Sales Price | 195,000 |
| Gross Living Area | 1,735 |
| Total Rooms | 7 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.5 |
| Location | Average |
| View | Residential |
| Site | 4,600 sf |
| Quality | Average |
| Age | 15 |



### Comparable 3

14930 Salamander Ln

| | |
|---|---|
| Prox. to Subject | 0.09 miles SW |
| Sales Price | 180,000 |
| Gross Living Area | 1,795 |
| Total Rooms | 7 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.5 |
| Location | Average |
| View | Residential |
| Site | 5,227 sf |
| Quality | Average |
| Age | 13 |

## Comparable Photos 4-6

| Client | Robert A. & Evette M.Leonard | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 14304 Gray Fox Ln | | | | | |
| City | Victorville | County San Bernardino | | State CA | Zip Code 92394 | |
| Borrower | Client: Robert A. & Evette M. Leonard | | | | | |



### Comparable 4

| | |
|---|---|
| 14002 Jockey Ln | |
| Prox. to Subject | 0.60 miles SW |
| Sales Price | 189,900 |
| Gross Living Area | 1,689 |
| Total Rooms | 7 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.5 |
| Location | Average |
| View | Residential |
| Site | 5,501 sf |
| Quality | Average |
| Age | 11 |

Prox. to Subject
Sales Price
Gross Living Area
Total Rooms
Total Bedrooms
Total Bathrooms
Location
View
Site
Quality
Age

Prox. to Subject
Sales Price
Gross Living Area
Total Rooms
Total Bedrooms
Total Bathrooms
Location
View
Site
Quality
Age

## Assumptions, Limiting Conditions & Scope of Work

File No.: 14304GVV

| Property Address: | 14304 Gray Fox Ln | City: Victorville | State: CA | Zip Code: 92394 |
|---|---|---|---|---|

Client: Robert A. & Evette M.Leonard    Address: 14304 Gray Fox Ln, Victorville, Ca. 92394

Appraiser: Marilyn J. Gibson    Address: P.O. Box 944, Apple Valley, CA 92307

**STATEMENT OF ASSUMPTIONS & LIMITING CONDITIONS**

- The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.

- The appraiser may have provided a sketch in the appraisal report to show approximate dimensions of the improvements, and any such sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size. Unless otherwise indicated, a Land Survey was not performed.

- If so indicated, the appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

- The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

- If the cost approach is included in this appraisal, the appraiser has estimated the value of the land in the cost approach at its highest and best use, and the improvements at their contributory value. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used. Unless otherwise specifically indicated, the cost approach value is not an insurance value, and should not be used as such.

- The appraiser has noted in the appraisal report any adverse conditions (including, but not limited to, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property, or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property, or adverse environmental conditions (including, but not limited to, the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

- The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

- The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.

- If this appraisal is indicated as subject to satisfactory completion, repairs, or alterations, the appraiser has based his or her appraisal report and valuation conclusion on the assumption that completion of the improvements will be performed in a workmanlike manner.

- An appraiser's client is the party (or parties) who engage an appraiser in a specific assignment. Any other party acquiring this report from the client does not become a party to the appraiser-client relationship. Any persons receiving this appraisal report because of disclosure requirements applicable to the appraiser's client do not become intended users of this report unless specifically identified by the client at the time of the assignment.

- The appraiser's written consent and approval must be obtained before this appraisal report can be conveyed by anyone to the public, through advertising, public relations, news, sales, or by means of any other media, or by its inclusion in a private or public database.

- An appraisal of real property is not a 'home inspection' and should not be construed as such. As part of the valuation process, the appraiser performs a non-invasive visual inventory that is not intended to reveal defects or detrimental conditions that are not readily apparent. The presence of such conditions or defects could adversely affect the appraiser's opinion of value. Clients with concerns about such potential negative factors are encouraged to engage the appropriate type of expert to investigate.


The Scope of Work is the type and extent of research and analyses performed in an appraisal assignment that is required to produce credible assignment results, given the nature of the appraisal problem, the specific requirements of the intended user(s) and the intended use of the appraisal report. Reliance upon this report, regardless of how acquired, by any party or for any use, other than those specified in this report by the Appraiser, is prohibited. The Opinion of Value that is the conclusion of this report is credible only within the context of the Scope of Work, Effective Date, the Date of Report, the Intended User(s), the Intended Use, the stated Assumptions and Limiting Conditions, any Hypothetical Conditions and/or Extraordinary Assumptions, and the Type of Value, as defined herein. The appraiser, appraisal firm, and related parties assume no obligation, liability, or accountability, and will not be responsible for any unauthorized use of this report or its conclusions.

Under USPAP Standards Rule 2-2(b), this is a Restricted Appraisal Report, and is intended only for the sole use of the named client. There are no other intended users. The client must clearly understand that the appraiser's opinions and conclusions may not be understood properly without additional information in the appraiser's work file.

In developing this appraisal, the appraiser has incorporated only the Sales Comparison Approach. The appraiser has excluded the Cost and Income Approaches to Value, due to being inapplicable given the limited scope of the appraisal. The appraiser has determined that this appraisal process is not so limited that the results of the assignment are no longer credible, and the client agrees that the limited scope of analysis is appropriate given the intended use.

Additional Comments (Scope of Work, Extraordinary Assumptions, Hypothetical Conditions, etc.):

Based on the exterior inspection of the subject from the street, an assumption is made that the subject is in average condition and marketable as of July 28, 2016.

**GP RESTRICTED**    Copyright 2013 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPRTD2AD - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE    12/2013

## Certifications

File No.: 14304GVV

| | | | | |
|---|---|---|---|---|
| Property Address: 14304 Gray Fox Ln | | City: Victorville | State: CA | Zip Code: 92394 |
| Client: Robert A. & Evette M.Leonard | Address: 14304 Gray Fox Ln, Victorville, Ca. 92394 | | | |
| Appraiser: Marilyn J. Gibson | Address: P.O. Box 944, Apple Valley, CA 92307 | | | |

**APPRAISER'S CERTIFICATION**
**I certify that, to the best of my knowledge and belief:**
- The statements of fact contained in this report are true and correct.
- The credibility of this report, for the stated use by the stated user(s), of the reported analyses, opinions, and conclusions are limited only by

the reported assumptions and limiting conditions, and are my personal, impartial, and unbiased professional analyses, opinions, and
conclusions.
- I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties
involved.
- Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject
of this report within the three-year period immediately preceding acceptance of this assignment.
- I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.
- My engagement in this assignment was not contingent upon developing or reporting predetermined results.
- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction
in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a
subsequent event directly related to the intended use of this appraisal.
- My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of
Professional Appraisal Practice that were in effect at the time this report was prepared.
- I did not base, either partially or completely, my analysis and/or the opinion of value in the appraisal report on the race, color, religion,
sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property, or of the present
owners or occupants of the properties in the vicinity of the subject property.
- Unless otherwise indicated, I have made a personal inspection of the property that is the subject of this report.
- Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification.

**Additional Certifications:**

**DEFINITION OF MARKET VALUE *:**
Market value means the most probable price which a property should bring in a competitive and open market under all conditions requisite
to a fair sale, the buyer and seller each acting prudently and knowledgeably, and assuming the price is not affected by undue stimulus.
Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions
whereby:
1. Buyer and seller are typically motivated;
2. Both parties are well informed or well advised and acting in what they consider their own best interests;
3. A reasonable time is allowed for exposure in the open market;
4. Payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and
5. The price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions
granted by anyone associated with the sale.
* This definition is from regulations published by federal regulatory agencies pursuant to Title XI of the Financial Institutions
Reform, Recovery, and Enforcement Act (FIRREA) of 1989 between July 5, 1990, and August 24, 1990, by the Federal Reserve System
(FRS), National Credit Union Administration (NCUA), Federal Deposit Insurance Corporation (FDIC), the Office of Thrift Supervision (OTS),
and the Office of Comptroller of the Currency (OCC). This definition is also referenced in regulations jointly published by the OCC, OTS,    FRS, an

| | |
|---|---|
| Client Contact: river_vette@yahoo.com | Client Name: Robert A. & Evette M.Leonard |
| E-Mail: river_vette@yahoo.com | Address: 14304 Gray Fox Ln, Victorville, Ca. 92394 |

| APPRAISER | SUPERVISORY APPRAISER (if required) or CO-APPRAISER (if applicable) |
|---|---|
| *Marilyn Gibson* (signature) | |
| | Supervisory or Co-Appraiser Name: |
| Appraiser Name: Marilyn J. Gibson | |
| Company: Marilyn Gibson Appraisal Service | Company: |
| Phone: (760) 240-4204    Fax: (866) 660-7996 | Phone:    Fax: |
| E-Mail: mgibson7@verizon.net | E-Mail: |
| Date Report Signed: 08/07/2016 | Date Report Signed: |
| License or Certification #: AR011762    State: CA | License or Certification #:    State: |
| Designation: CREA | Designation: |
| Expiration Date of License or Certification: 07/25/2017 | Expiration Date of License or Certification: |
| Inspection of Subject: ☐ Interior & Exterior ☒ Exterior Only ☐ None | Inspection of Subject: ☐ Interior & Exterior ☐ Exterior Only ☐ None |
| Date of Inspection: 07/28/2016 | Date of Inspection: |

GP RESTRICTED

Copyright© 2013 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPRTD2AD - 'TOTAL' appraisal software by a la mode, inc. - 1-800-ALAMODE    12/2013

**Appraiser License**

**Appraiser License**

